IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BHI ENERGY I POWER SERVICES, LLC,** | § § § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. **3:22-CV-1981-L** |
| | § | |
| **KVP ENERGY SERVICES, LLC,** *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are BHI Power Services, LLC Verified Motion for Preliminary Injunction (Doc. 3), filed September 6, 2022; Plaintiff's Motion to Expedite Discovery (Doc. 4), filed September 6, 2022; Defendants' Motion to Strike Evidence Attached to Plaintiff's Reply in Support of Motion for Preliminary Injunction (Doc. 26), filed October 28, 2022; Plaintiff's Motion to Set Hearing on Plaintiff's Motion for Expedited Discovery (Doc. 35), filed December 8, 2022. The court, for the reasons herein explained, **grants** Defendants' Motion to Strike (Doc. 26); **denies without prejudice** Plaintiff's Motion for Preliminary Injunction (Doc. 3); and **denies** Plaintiff's remaining motions for expedited discovery and expedited hearing (Docs. 4, 35).

### I.     Factual and Procedural Background

BHI Energy I Power Services, LLC ("Plaintiff" or "BHI") brought this action on September 6, 2022, against KVP Energy Services, LLC; Power Standard, LLC, formerly known as KV Power LLC; KVP Holdings, LLC;[1] Dustin Coble ("Mr. Coble"); Welborn "Ross" Glover

---

[1] KVP Energy Services, LLC; Power Standard, LLC, formerly known as KV Power LLC; and KVP Holdings, LLC are referred to collectively in Plaintiff's Complaint and herein as "KV."

**Memorandum Opinion and Order – Page 1**

("Ross Glover"); Roy Glover; and Shelby Walker ("Mr. Walker")[2] (collectively, "Defendants"), asserting various federal and state causes of action related to alleged trade secrets violations in a Verified Complaint ("Complaint" or "Verified Complaint") (Doc. 1), including the following claims:

1. tortious interference with BHI's contract with Oncor Electric Delivery Company, LLC ("Oncor") (Count 1 against all Defendants);

2. tortious interference with the employment obligations of former BHI employees Ross Glover, Roy Glover, Mr. Walker, and Mr. Coble, who were recruited solicited by KV (Count 2 against KV);

3. tortious interference with the employment obligations of former BHI vice presidents Benjamin Campbell and Darrell Hallmark, who were recruited by KV (Count 3 against KV);

4. misappropriation of trade secrets in violation of the Federal Defend Trade Secrets Act (Count 4 against all Defendants);

5. misappropriation of trade secrets in violation of the Texas Uniform Trade Secrets Act (Count 5 against all Defendants);

6. unauthorized use of protected computers in violation of the Computer Fraud and Abuse Act of 1986 (Count 6 against all Defendants);

7. participation in the breaches of fiduciary duty and duty of loyalty owed by Darrell Hallmark and Benjamin Campbell to BHI (Count 7 against KV);

8. breach of fiduciary duty and duty of loyalty (Count 8 against Ross Glover, Roy Glover, Mr. Coble, and Mr. Walker);

9. unfair competition (Count 9 against all Defendants);

10. conspiracy to tortiously interfere with BHI's contract with Oncor (Count 10 against all Defendants);

11. conspiracy to tortiously interfere with BHI's employment relationships (Count 11 against all Defendants);

---

[2] The court refers collectively to Mr. Coble, Ross Glover, Roy Glover, and Mr. Walker as "Individual Defendants."

**Memorandum Opinion and Order – Page 2**

12. conspiracy to misappropriate BHI's trade secrets (Count 12 against all Defendants); and

13. conversion (Count 13 against all Defendants).

BHI alleges that this case involves an "elaborate scheme" by Mr. Hallmark and Mr. Campbell, who, during and after their employment with BHI, breached their fiduciary duties to BHI by "wrongfully interfer[ing] with BHI's customers and contractual relations" and acting in concert with KV and other Defendants to "steal confidential information, trade secrets, and equipment from BHI." Pl.'s Compl. ¶ 1. BHI alleges that KV recruited Mr. Hallmark and Mr. Campbell to join it "and tortiously interfered with BHI's employment relationships with its employees." *Id.* ¶ 18. In addition, BHI alleges that KV recruited the other Individual Defendants "to act as secret agents" for it while they were still employed by BHI and before they joined KV. *Id.* ¶ 19. BHI alleges that KV, the Individual Defendants, or both used "secret social media apps to hide their activities and their personal email accounts and thumb drives to download BHI confidential, proprietary information and trade secrets, and tortiously interfered with BHI's customer and employment relationships."[3] *Id.* BHI further alleges that KV "secretly coopted" the Individual Defendants "as its agents during their employment with BHI to willfully and maliciously interfere with BHI's contract with Oncor." *Id.* ¶ 20.

BHI alleges that it was damaged as a result of Defendants' conduct and, for relief, it requests entry of a judgment against Defendants:

1. Enjoining Defendant Coble from breaching his fiduciary duties and duty of loyalty to BHI and misappropriating BHI's trade secrets;

2. Enjoining Defendant Ross Glover from breaching his fiduciary duties and duty of loyalty to BHI and misappropriating BHI's trade secrets;

---

[3] Because of the way this paragraph (19) in Plaintiff's Complaint is worded, it is not clear whether KV, the Individual Defendants, or both used secret social media and other means to engage in the conduct alleged. Based on the allegations in paragraph (20), it appears that what is meant by Plaintiff in paragraph 19 is that KV recruited the Individual Defendants to engage in the conduct alleged.

**Memorandum Opinion and Order – Page 3**

3. Enjoining Defendant Roy Glover from breaching his fiduciary duties and duty of loyalty to BHI and misappropriating BHI's trade secrets;

4. Enjoining Defendant Walker from breaching his fiduciary duties and duty of loyalty to BHI and misappropriating BHI's trade secrets;

5. Directing Defendants Coble, Ross Glover, Roy Glover, Walker, and KV to return to Plaintiff any and all of BHI's trade secrets in their custody and control;

6. Requiring Defendants Coble, Ross Glover, Roy Glover, Walker, and KV to return to Plaintiff any and all of BHI's property and equipment in their custody and control, and if necessary, order the U.S. Marshall to seize BHI's trade secrets from Defendants' property, computers, and other devices;

7. Enjoining Defendant KV and Defendants Coble, Ross Glover, Roy Glover, and Walker from unfairly competing against BHI;

8. Awarding BHI fifty million dollars ($50,000,000) as compensatory damages for Defendants' illegal acts, and awarding BHI at least one hundred million ($100,000,000) as punitive and other damages for the violations outlined above;

9. Awarding BHI its attorneys' fees and costs; and

10. Awarding BHI all other relief to which it may be justly entitled.

Pl.'s Compl. 30.

In addition, Plaintiff filed a Verified Motion for Preliminary Injunction against Defendants (Doc. 3) and Motion for Expedited Discovery (Doc. 4).[4] Briefing on Plaintiff's motions for injunctive relief and expedited discovery was complete on October 25, 2022, when Plaintiff filed its reply briefs for these motions. Defendants, however, moved to strike all new evidence in the 337-page appendix filed by Plaintiff in connection with its preliminary injunction reply brief. Briefing on Defendants' Motion to Strike was complete on December 2, 2022. Subsequently, on

---

[4] Plaintiff does not seek injunctive relief on an *ex parte* basis, and its Motion for Preliminary Injunction does not satisfy the requirements for *ex parte* relief under Federal Rule of Civil Procedure 65. The court, therefore, explained in a prior order that it would delay ruling on Plaintiff's motion for injunctive relief until after the Complaint, summons, and motion were served on all Defendants and briefing on the motion was complete. The subsequent filing of additional, related motions by the parties slightly delayed the resolution of Plaintiff's request for injunctive relief.

**Memorandum Opinion and Order – Page 4**

December 8, 2022, Plaintiff requested a hearing on its previously filed Motion for Expedited Discovery. This motion was ripe as of December 23, 2022.

## II.     Motions for Preliminary Injunction and to Strike Reply Evidence (Docs. 3, 26)

### A.     Motion to Strike New Reply Evidence (Doc. 26)

As indicated, Defendants moved to strike the appendix submitted by BHI in conjunction with its preliminary injunction reply brief (Docs. 25-1 through 25-6), which they contend was filed without leave of court and contains over 330 pages of new evidence and arguments. Defendants contend that BHI has not explained why it could not have submitted this evidence when it filed its motion for injunctive relief, and it should not be allowed to cure by reply what it failed to establish in its deficient motion. Alternatively, out of fairness, Defendants request that they be allowed to file a surreply to address the new evidence. Defs.' Mot. to Strike (citing *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 771 (N.D. Tex. 2012); *Springs Indus. v. American Motorists Ins.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991); and *De Boulle Diamond & Jewelry, Inc. v. Boulle, Ltd.*, No. 3:12-CV-1462-L, 2016 WL 5870843, at *1 n.1 (N.D. Tex. Oct. 6, 2016)).

BHI responds that its Verified Complaint includes "ample evidence" to support its request for injunctive relief, and the evidence at issue simply establishes the accuracy of the factual matters pleaded. Pl.'s Resp. 2-3. For this reason, BHI contends that the reply evidence is not new evidence. Of the evidence submitted, BHI asserts that "[t]he only piece of arguably 'new' evidence . . . is a May 5, 2022, e[-]mail [Mr.] Hallmark sent from his BHI e[-]mail account to his personal Gmail account containing a file titled 'Plaska Customer List 10-4-2021.xlsx.'" Pl.'s Resp. 5. BHI acknowledges that "this specific e[-]mail is not directly mentioned in [its] Verified Complaint," but it, nevertheless, maintains that the e-mail does not constitute new evidence because it "has repeatedly asserted that Defendants have taken BHI's customer lists." *Id.* Thus, BHI argues that

**Memorandum Opinion and Order – Page 5**

this e-mail should be the only document subject to the motion to strike because, except for this document, the rest of its reply evidence offers nothing new. BHI also opposes Defendants' alternative request to file a surreply and asserts that the reply evidence does "do not offer anything that Defendants were already presented with[]in the Verified Complaint and Verified Motion for Preliminary Injunction, [so they] should not be permitted to file a sur-reply just because they chose to ignore the ample evidence presented at the outset of this dispute." *Id.*

Defendants reply that BHI has not cited to any legal authority to support its novel argument that evidence presented for the first time is not new evidence if it somehow relates to other evidence previously submitted. Defendants further assert that "BHI's newly presented evidence includes, among other things, six separate declarations spanning almost 40 pages that contain detailed and specific allegations that go far beyond the conclusory statements in BHI's Verified Complaint, in addition to text messages and e[-]mails attached to the declarations," and none of the persons who submitted declarations is mentioned in the Complaint. Defendants also note that BHI has yet to attempt to explain why it did not seek leave of court before filing the reply evidence or why it could not have submitted this evidence when it filed its Motion for Preliminary Injunction.

When "a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response," the court may in its discretion decline to consider them. *Springs Indus.*, 137 F.R.D. at 239. Alternatively, the court may allow the nonmovant an opportunity to file a response to the new materials, followed by an additional reply brief by the movant. *Id.*

Plaintiff's argument that the evidentiary materials submitted in support of its reply brief are not new because they simply support factual allegations in their verified pleadings is creative

**Memorandum Opinion and Order – Page 6**

but not persuasive. The sheer volume of materials submitted by Plaintiff for the first time in support of its reply brief is akin to an unfair ambush, and Plaintiff has yet to explain why it was unable to seek leave or submit the evidence when it filed its Motion for Preliminary Injunction. Moreover, if, as Plaintiff contends, that its verified pleadings include "ample evidence" to support the injunctive relief sought, then it begs the question of why Plaintiff thought it was necessary to submit the voluminous evidentiary materials when it filed its reply brief. Thus, the court is not inclined to and sees no reason to consider the new reply evidence in ruling on Plaintiff's Motion for Preliminary Injunction, particularly given Plaintiff's objection to additional briefing to address the new materials.

Additionally, neither the new evidentiary materials nor the briefs filed by BHI in connection with its Motion for Preliminary Injunction comply with this district's Local Civil Rules ("Local Rules") for motion practice and briefing. BHI's appendix is not numbered sequentially, and its reply brief does not cite to specific appendix pages as required by the Local Rules. *See* L.R. 7.1(i)(4), 7.2(e). BHI's Motion for Preliminary Injunction[5] and reply brief both exceed ten pages in length, but neither include a table of contents or table of authorities as required by Local Rule 7.2. Compliance with Local Rules facilitates the expeditious resolution of pending motions, and a party's failure to follow these rules interferes with and hinders the court's ability to effectively manage its docket. It is not incumbent on the court to use its already scarce judicial resources to wade through noncompliant materials hastily filed by a party. Moreover, "[b]y appearing in any case, an attorney becomes subject to the rules of this court." L.R. 83.9. BHI's

---

[5] Local Rule 7.1(d) requires opposed motions to be accompanied by a brief. Plaintiff's Motion for Preliminary Injunction was not accompanied by a brief, but it contains BHI's contentions of fact and/or law, and argument, so the court assumes that the motion was meant to satisfy this rule's requirement that a brief be filed in support of an opposed motion.

**Memorandum Opinion and Order – Page 7**

failure to comply with the Local Rules constitutes an alternative or additional reason for the court to not consider the new reply evidence in ruling on its Motion for Preliminary Injunction.

The court, therefore, **grants** Defendants' Motion to Strike and **strikes** Plaintiff's appendix (Doc. 25-1 through 25-6). Accordingly, in ruling on the Motion for Preliminary Injunction, the court will not consider the new evidence submitted by BHI for the first time in conjunction with its reply brief.

### B. Motion for Preliminary Injunction (Doc. 3)

There are four prerequisites for the extraordinary relief of a preliminary injunction. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the preliminary injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet any of the four requirements, the court cannot grant the preliminary injunction.

Part of the difficulty in ruling on Plaintiff's Motion for Injunctive Relief is that it is not entirely clear as to which of its thirteen claims it is relying. For example, Plaintiff contends that it is likely to succeed on the merits of three claims against Defendants, including its claims that: (1) "Defendants Breached Their Fiduciary Obligations and Duties of Loyalty to BHI, and Are Using Stolen Information to Compete With BHI"; (2) "Defendants are Tortiously Interfering with BHI's

Contractual Relations"; and (3) "Defendants are Misappropriating BHI's Confidential, Proprietary, Trade Secret Information." Pl.'s Motion for Preliminary Inj. 9, 11, 12. With respect to the first of these two claims, however, Plaintiff cites to portions of its pleadings that pertain to multiple claims and counts.[6] Plaintiff's use of a "shotgun approach"[7] to plead its claims by incorporating by reference, with respect to each claim, all prior allegations in the Complaint, regardless of their relevance to a particular claim, adds to the mass confusion. In any event, for purposes of its analysis, the court assumes that Plaintiff is relying on: (1) Counts 7 and 8 pertaining to alleged breaches of fiduciary duties; (2) Counts 1 and 10 pertaining to Defendants' alleged tortious interference with BHI's contract with Oncor; and (3) Count 4 pertaining to Defendants' alleged misappropriation of BHI's trade secrets.

The court also focuses on the irreparable harm element, as this issue is dispositive of Plaintiff's request for a preliminary injunction. Regarding this element, Defendants contend that BHI has failed to satisfy the irreparable harm requirement because it does not allege or explain why monetary damages would be difficult to calculate or why the $150,000,000 in monetary damages requested would be inadequate. In addition, Defendants assert that BHI's allegations of irreparable harm are conclusory.

---

[6] Plaintiff's description of the first of these claims appears to allude to more than one claim—specifically, the claims in Counts 8 and 10 of its Complaint. With respect to this claim or claims, however, Plaintiff relies on citations to its Complaint that pertain to Counts 4, 6, 7, 8, 10, and 11. *See* Pl.'s Mot. for Preliminary Inj. 9-11. Regardless, as the focus of the discussion in Plaintiff's motion regarding this claim or claims is alleged breaches of fiduciary duty, the court assumes that this first claim pertains only to Counts 7 and 8. Likewise, while Plaintiff's description of the second claim and corresponding elements appears to refer only to Count 1, its motion regarding this claim includes citations to its Complaint that pertain to Counts 1 and 10, which deal with Defendants' alleged tortious interference with BHI's contract with Oncor. *See id.* at 11-12. The court, therefore, assumes that the second claim referenced in Plaintiff's motion includes the claims in Counts 1 and 10.

[7] *See Howley v. Bankers Standard Ins. Co.*, No. 3:19-CV-2477-L, 2021 WL 913290, at *9 (N.D. Tex. Mar. 10, 2021) (citing cases and explaining why the "shotgun approach" to pleadings is disfavored and has been denounced).

**Memorandum Opinion and Order – Page 9**

Plaintiff disagrees and argues, based on the allegations in its Verified Complaint and the declaration of BHI Oklahoma/Texas operations Manager Brian A. Smith, that it has established a substantial threat of irreparable harm:

> Due to Defendants' misconduct, BHI has already lost several employees, trade secrets and confidential information. *See* Doc. 1 at ¶¶ 50, 72, 142-43. The threat of irreparable harm comes from the continued threat to BHI's ongoing business due to the Defendants' continuing misconduct. *See* Exhibit 2. Accordingly, Defendants are continuing to affect BHI's employment numbers, goodwill, confidential and proprietary information, and success by continuously interfering with its contracts and employment relationships.
>
> The mere fact that BHI seeks monetary relief (in addition to injunctive relief) does not negate BHI's need for injunctive relief as Defendants have claimed, especially considering BHI sent cease and desist letters on or around July 22, 2022—which were willfully ignored. *See Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) ("the mere fact that economic damages may be available does not always mean that a remedy at law is 'adequate." (citations and quotation marks omitted)). BHI has had to bring a slew of claims against Defendants to address the extent of Defendants' actions against it and damages caused. *See id.* ("courts have found that a remedy at law is inadequate if legal redress may be obtained only by pursuing a multiplicity of actions.") While the monetary damages BHI seeks may help it recover from the initial harms caused by the Defendants' discrete misconduct, BHI seeks injunctive relief in part to prevent ongoing and further harm due to the Defendants' continued action. Further, the harm caused is difficult for BHI to calculate due to the way KV's unlawful competition is impacting both BHI's workforce and its project availability. *See* Exhibit 2. This harm is well within the purpose of a preliminary injunction. *See Titlemax of Tex. v. City of Dallas*, No. 3:21-cv-1040-S-BN, 2021 U.S. Dist. LEXIS 208342, *10 (N.D. TX Aug. 11, 2021) (citing *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

Pl.'s Reply 12-13.

To satisfy this prong of the preliminary injunction test, BHI must show that it is "likely to suffer irreparable harm," that is, "harm for which there is no adequate remedy at law," such as money damages. *Daniels Health Scis., LLC. v. Vascular Health Scis., LLC*, 710 F.3d 579, 585 (5th Cir. 2013) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); and citing *Janvey*, 647 F.3d at 600).  The movant seeking injunctive relief "must show a real and immediate threat of future or continuing injury apart from any past injury." *Aransas Project v. Shaw*, 775 F.3d

**Memorandum Opinion and Order – Page 10**

641, 663-64 (5th Cir. 2014) (per curiam) (citing *In re Stewart*, 647 F.3d 553, 557 (5th Cir. 2011)). A "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Daniels Health Scis., LLC*, 710 F.3d at 585. The movant also must demonstrate that such injury "cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (quoting *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984)).

As correctly noted by BHI, "the mere fact that economic damages may be available does not always mean that a remedy at law is 'adequate.'" *Janvey*, 647 F.3d at 600. BHI, however, has not established that an award in the amount requested or another amount would be inadequate. BHI has asserted a large number of claims in this action. Contrary to the argument in BHI's reply, though, it has not had to bring other actions, let alone a "multiplicity of actions" against Defendants to redress the injuries alleged.

Additionally, while BHI alleges in its Complaint and Motion for Preliminary Injunction that it has suffered "immeasurable and irreparable injuries,"[8] this assertion is conclusory, as BHI does not offer any factual allegations to support the assertion. Plaintiff is correct that verified allegations can qualify as evidence, but only to the extent that the allegations are supported by facts. Conclusory and unsubstantiated allegations, on the other hand, do not constitute evidence and are insufficient to support Plaintiff's burden as the party seeking injunctive relief, even if verified or included in an affidavit. BHI attempts to cure this deficiency by offering the declaration of Mr. Smith for the first time in connection with its reply brief. For the reasons already explained, the court declines to consider this new evidence.

---

[8] Pl.'s Compl. ¶¶ 179-80 (Count 7); ¶¶ 190-93 (Count 8); *see also* Pl.'s Mot. for Preliminary Inj. 6 (included in background section).

**Memorandum Opinion and Order – Page 11**

The verified allegations in BHI's pleadings and motion also contain passing references to irreparable harm or injuries in the form of ongoing misconduct and continuing harm. No portion of Plaintiff's motion, however, is dedicated to discussing this specific element of injunctive relief. Plaintiff's motion, instead, addresses irreparable harm in the context of another element—whether the threatened harm to it outweighs the harm to Defendants if injunctive relief is not granted.

Regardless, BHI's allegations regarding ongoing misconduct and continuing harm are similarly conclusory and insufficient to establish a substantial threat of irreparable harm. The issue as currently framed by Plaintiff's verified pleadings and motion is that BHI is entitled to recover $150,000,000 in damages for the conduct and injury at issue, which stem from a single, discrete past event that has concluded—misappropriation of BHI's trade secrets while the Individual Defendants were still employed by BHI, and use of that information by Defendants to steal BHI's contract with Oncor. Plaintiff's verified pleadings and motion do not establish the existence of an "immediate threat of future or continuing injury apart from any past injury." *Aransas Project*, 775 F.3d at 663-64.

For example, there are no allegations in Plaintiff's verified pleadings or motion to support a finding that Defendants have *continued* to steal or use BHI's trade secrets after leaving BHI's employment for other purposes, such as competing in the market with BHI in other respects or stealing additional BHI customers. Likewise, there are no factual allegations to support a finding that BHI has *continued* to suffer additional damages, other than the monetary damages alleged, because of Defendants' alleged interference with BHI's contract with Oncor. BHI again attempts to cure this deficiency in its reply brief by relying on Mr. Smith's declaration, but this and the other new evidence submitted by Plaintiff has been stricken.

For all of these reasons, BHI has not established a substantial threat that irreparable harm will result if a preliminary injunction is not granted.  Because BHI has not met its burden of satisfying each of the four elements for a preliminary injunction, it is not entitled to entry of a preliminary injunction, or the specific injunctive relief requested.  The court has additional concerns regarding Plaintiff's claims and request for injunctive relief, including whether there is a substantial likelihood that it can prevail on the merits of the claims at issue, but it is not necessary to address these concerns or the other issues raised by parties to resolve Plaintiff's current Motion for Preliminary Injunction, which is **denied without prejudice.**

### III.    Motions to Expedite Discovery and Set Hearing (Docs. 4, 35)

Plaintiff requests that the court expedite discovery in advance of and in preparation of any hearing on its Motion for Preliminary Injunction "to further develop the facts" in its Verified Complaint and motion for injunctive relief.  Plaintiff argues that there is good cause to allow it to conduct expedited discovery in advance of a preliminary injunction hearing considering the "urgent nature of the situation"; and the topics for expedited discovery are narrowly tailored to obtain information relevant to the injunctive relief sought. Pl.'s Mot. for Expedited Discovery 6-7 (citing *Allstate Ins. Co. v. Hineman*, No. H-17-1794, 2017 U.S. Dist. LEXIS 113071, at *2-3 (S.D. Tex. July 20, 2017), regarding the appropriateness of "granting expedited discovery whe[n] [the] Plaintiff s[eeks] to enforce restrictive covenants because of the alleged ongoing harm to the Plaintiff and the ongoing risk of spoliation and destruction of evidence").  Plaintiff also requests that the court conduct an "expedited hearing" on its motion to conduct expedited discovery.

Regarding its motion to conduct expedited discovery, Plaintiff requests that it be allowed to conduct expedited discovery regarding the following topics:

**Memorandum Opinion and Order – Page 13**

- Defendants' internal communications related to KV's hire of Defendants Coble, Ross Glover, Roy Glover, and Shelby Walker, including, offer letters, compensation, titles, and responsibilities.

- BHI's trade secrets in each of the Defendants' respective possession, custody or control.

- BHI's confidential information and/or other proprietary information in each of the Defendants respective possession, custody or control.

- All communication, documents and information with or regarding and related to Defendant KV's contact with Darrell Hallmark prior to Hallmark's resignation from BHI, and his subsequent communications with BHI and its employees during his KV employment.

- All communication, documents and information with or regarding and related to Defendant KV's contact with Benjamin Campbell prior to Campbell's resignation from BHI, and his subsequent communications with BHI and its employees during his KV employment.

- All communication, documents and information with or regarding and related to Defendant KV's contact with Defendant Dustin Coble prior to Coble's resignation from BHI, and his subsequent communications with BHI and its employees during his KV employment.

- All communication, documents and information with or regarding and related to Defendant KV's contact with Defendant Ross Glover prior to Glover's resignation from BHI, and his subsequent communications with BHI and its employees during his KV employment.

- All communication, documents and information with or regarding and related to Defendant KV's contact with Defendant Roy Glover prior to Glover's resignation from BHI, and his subsequent communications with BHI and its employees during his KV employment.

- All communication, documents and information with or regarding and related to Defendant KV's contact with Defendant Shelby Walker prior to Walker's resignation from BHI, and his subsequent communications with BHI and its employees during his KV employment.

- All communication, documents and information with or regarding and related to Defendants Coble, Ross Glover, Roy Glover, and Shelby Walker's contact with one another about KV prior to their resignations from BHI.

**Memorandum Opinion and Order – Page 14**

- All communication, documents and information with or regarding and related to Defendants Coble, Ross Glover, Roy Glover, and Shelby Walker's contact with the-current BHI employees about KV prior to their resignations from BHI.

- All communication, documents and information with or regarding and related to the Defendants' contact with BHI's customers, employees, vendors and/or suppliers, including, but not limited to Oncor Electric Delivery Company, LLC.
- All equipment taken from BHI.

- All communications or documents related to customers of BHI's sister entity, Plaska Transmission Line Construction, LLC, or its confidential, proprietary, trade secret information, including, its strategies for pitches to clients[.]

Pl.'s Mot. for Expedited Discovery 2-3. In addition, Plaintiff requests that the court enter an order:

1. Permitting BHI to propound Requests for Production of Documents and Interrogatories on the Defendants on the Topics for Expedited Discovery after service of the Court's Order granting this Motion for Expedited Discovery;

2. Shorten the time for the Defendants to respond to the Requests for Production of Documents and Interrogatories to seven (7) calendar days after service of Plaintiff's Requests for Production of Documents and Interrogatories on Defendants;

3. Requiring Defendant Coble, Defendant Ross Glover, Defendant Roy Glover, Defendant Shelby Walker and a corporate representative of Defendant KV to appear for a noticed deposition regarding the Topics for Expedited Discovery on a date and time indicated in a deposition notice;

4. Allowing the taking of a forensic image of the hard drives of Defendant Coble, Ross Glover, Roy Glover, and Walker's home and personal computers, including handheld computers, tablets, and smart phones, within seven (7) calendar days of service of the Court's Order granting this Motion for Expedited Discovery; and

5. Allowing BHI to serve subpoenas on Third Parties with necessary information; and

6. Ordering Defendants, their agents and employees, and those acting in concert with them not to spoliate any potentially relevant documents and information.

Pl.'s Mot. for Expedited Discovery 8.

Unless required by Federal Rule of Civil Procedure 65, the court will generally only conduct a hearing on a motion for injunctive relief if the parties' evidence gives rise to a factual

**Memorandum Opinion and Order – Page 15**

dispute that is material to the resolution of motion.  In light the court's determination, based on the parties' briefs and evidence not stricken, that Plaintiff has failed to establish a substantial threat of irreparable harm, no hearing is necessary or warranted, and Plaintiff's request to conduct discovery in advance of any such hearing is moot.

Moreover, Plaintiff's request to conduct discovery contradicts its assertion that the verified allegations in its pleadings and Motion for Preliminary Injunction are sufficient or "ample" to support the relief sought.  Additionally, Plaintiff's pleadings and Motion for Preliminary Injunction do not include any allegations regarding the existence of restrictive covenants or any contractual agreements between BHI and Defendants such as confidentiality or non-compete agreements. Contrary to Plaintiff's assertion, the requested discovery is not reasonable or narrowly tailored.  Instead, the discovery sought by it to support its motion for injunctive relief and prepare for a hearing on the motion is unreasonably extensive and broad in nature.  Further, the court will enter a scheduling order in the near future, after which the parties will be free to conduct discovery regarding their respective claims and defenses.  Accordingly, for all of these reasons, the court **denies** these motions by Plaintiff (Docs. 4, 35).

**IV.    Conclusion**

For the reasons herein explained, the court **grants** Defendants' Motion to Strike (Doc. 26) and **strikes** Plaintiff's appendix (Doc. 25-1 through 25-6), which was not considered in ruling on Plaintiff's Motion for Preliminary Injunction.  Further, as BHI has not met its burden of establishing each of the requirements for a preliminary injunction, the court **denies without prejudice** its Motion for Preliminary Injunction (Doc. 3).  The court also **denies** Plaintiff's remaining motions for expedited discovery and an expedited hearing on its request for expedited discovery (Docs. 4, 35).

Plaintiff's continued failure to comply with applicable rules of procedure, whether local or federal, will result in the noncompliant filing being *sua sponte* stricken or other sanctions against BHI, its counsel, or both, as the court deems appropriate because such failures interfere with the court's ability to effectively manage the proceedings in this case and the other cases on its docket.

**It is so ordered** this 17th day of January, 2023.

Sam A. Lindsay
United States District Judge