IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BHI ENERGY I POWER SERVICES LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-1981-L-BN |
| KVP HOLDINGS, LLC, KVP ENERGY SERVICES, LLC, POWER STANDARD LLC f/k/a KVP POWER LLC, DUSTIN COBLE, WELLBORN "ROSS" GLOVER, ROY GLOVER, and SHELBY WALKER, | § § § § § § § § § | |
| Defendants. | § | |

**SEALED FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. Dkt. No. 133.

Defendants KVP Energy Services, LLC ("KVP"), KVP Holdings, LLC ("KVP Holdings"), and Power Standard, LLC, formerly known as KV Power, LLC ("Power Standard") (collectively with KVP and KVP Holdings, the "Corporate Defendants") and Dustin Coble, Wellborn "Ross" Glover, Roy Glover, and Shelby Walker (collectively, the "Individual Defendants" and, with the Corporate Defendants, "Defendants") have filed a Motion for Summary Judgment. *See* Dkt. No. 97.

Plaintiff BHI Energy I Power Services, LLC has filed a response, *see* Dkt. Nos.

121 and 126 (Corrected Response), and Defendants have filed a reply, *see* Dkt. No. 132-2.

For the reasons explained below, the Court should grant Defendants' Motion for Summary Judgment [Dkt. No. 97].

## Background

I.     <u>The Court should not consider BHI's response to the statement of facts.</u>

BHI submitted two documents in response to Defendants' motion for summary judgment: a response to the statement of material facts included in the brief in support of the motion for summary judgment [Dkt. No. 117] and a response to the motion for summary judgment itself [Dkt. Nos. 121, 126].

In their reply, Defendants ask the Court to strike BHI's responsive materials or to impose other sanctions because the responses violate the Court's local rules. *See* Dkt. No. 132-2 at 6.

The Local Civil Rules impose a 50-page limit for principal briefs. *See* N.D. TEX. L. CIV. R. 56.5(b). The Court's First Amended Scheduling Order provides that "[t]he parties are directed to observe and adhere to the page limitation set by the Local Civil Rules of Practice for the Northern District of Texas for filing briefs. A party may not file a brief, or any other document serving as a brief, that exceeds the page limitation set by the Local Rules, unless leave of court has been obtained to exceed the page limitation. Briefs, or any document serving as a brief, filed that exceed the page limitation will be unfiled by the court." Dkt. No. 66 at 2.

BHI's response to the motion for summary judgment is 38 pages, and its

response to the fact statement is 27 pages, for a total of 65 pages, which exceeds the allotted page limit by nearly a third.

BHI does not seek leave or explain why it needs more than 50 pages to respond to the summary judgment motion.

This is not the first time BHI has failed to comply with the Federal Rules or Local Civil Rules. *See* Dkt. No. 48 at 7-8; *see also* 94-2 at 8-10, 111-1 at 1-4. And the Court has admonished BHI that "Plaintiff's continued failure to comply with applicable rules of procedure, whether local or federal, will result in the noncompliant filing being *sua sponte* stricken or other sanctions against BHI, its counsel, or both, as the court deems appropriate." Dkt. No. 48 at 17.

But, instead of striking the responsive summary judgment materials, the undersigned recommends that the Court consider only the response to the motion for summary judgment, including the evidence cited in the response, but not consider the separately filed response to the statement of facts.

II.    Factual Background

 BHI and Power Standard are competitors and contractors in the electricity transmission and distribution ("T&D") industry.

BHI alleges that two of its former vice-presidents schemed with Defendants to steal confidential information, trade secrets, and equipment from BHI and wrongfully interfered with BHI's contractual and business relationships and its relationships with its employees. *See* Dkt. No. 1.

Two of BHI's Vice Presidents – Darrell Hallmark, BHI's Vice President of

Transmission and Line Construction, and Ben Campbell, BHI's Vice President of Distribution – terminated their employment with BHI and went to work for Power Standard.

The Individual Defendants (Dustin Coble, Ross Glover, Roy Glover, and Shelby Walker) also voluntarily left BHI to go to work for Power Standard.

In the electricity T&D industry, work is done by crews that are normally made up of five employees who are supervised by a crew foreman. General foremen in turn oversee multiple crew foremen. And the general foreman reports to a superintendent. Three of the Individual Defendants (Dustin Coble, Roy Glover and Shelby Walker) were general foremen and the other (Ross Glover) was a superintendent.

BHI alleges that the Individual Defendants, while still employed by BHI but knowing they were going to work for Power Standard, served as "secret agents" to steal BHI's confidential, proprietary, and trade secret information and equipment and to lure other BHI employees away from BHI to Power Standard.

BHI alleges that the Individual Defendants improperly took, distributed, and maintained personal copies of BHI's confidential and proprietary information by either forwarding information to their personal email accounts or connecting external hard drives to their BHI's computers.

BHI also alleges that the Individual Defendants lured BHI employees to leave BHI by misrepresenting that BHI was leaving the Texas region and Power Standard was taking over BHI's Oncor contract. So many employees left BHI that it went from

having 12 to three crews and it was forced to inform Oncor that it could not complete previously awarded work.

BHI also alleges that many of its tools went missing or were unaccounted for in Texas the spring of 2022. BHI alleges that the Individual Defendants instructed departing employees to remove materials from their BHI crew trucks and leave the materials at the worksite to be reloaded into Power Standard trucks.

III.    <u>Procedural Background</u>

BHI sued

- all Defendants for tortious interference with BHI's contract with Oncor;

- the Individual Defendants for tortious interference with their employment obligations to BHI;

- the Individual Defendants for tortious interference with Benjamin Campbell's and Darrell Hallmark's employment obligations to BHI;

- all Defendants for misappropriation of trade secrets under the Federal Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act;

- the Individual Defendants for unauthorized use of a protected computer in violation of the Computer Fraud and Abuse Act of 1986;

- the Corporate Defendants for participation in breach of fiduciary duty and duty of loyalty;

- the Individual Defendants for breach of fiduciary duty and duty of loyalty;

- all Defendants for unfair competition;

- all Defendants for conspiracy to tortiously interfere with BHI's employment

relationships;

- all Defendants for conspiracy to misappropriate BHI's trade secrets; and

- all Defendants for conversion.

*See* Dkt. No. 1.

In their Motion for Summary Judgment, Defendants argue that they are entitled to summary judgment on all of BHI's claims as a matter of law because BHI's alleged damages are too speculative to be submitted to a jury. They also argue, in the alternative, that each of BHI's claims fails for other reasons. *See* Dkt. No. 98-3.

BHI filed a response to the summary judgment motion, *see* Dkt. No. 121, and later, a corrected response, *see* Dkt. No. 126.

BHI also filed an appendix of evidence in support of its response. *See* Dkt. No. 122.

Defendants filed objections to the appendix in support of BHI's response. *See* Dkt. No. 131. The objections are addressed in a separate order entered concurrently with these findings, conclusions, and recommendation.

The undersigned also notes that BHI has filed a motion to strike the expert report and testimony of James Pooley, *see* Dkt. No. 79, and Defendants have filed a motion to designate an expert witness to rebut Pooley's expert report and testimony, *see* Dkt. No. 86. Those motions are also addressed in separate orders entered concurrently with these findings, conclusions, and recommendation.

The resolution of those motions impacts portions of the motion for summary

-6-

judgment.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the

fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (cleaned up).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (cleaned up)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard

evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (cleaned up). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (cleaned up)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (cleaned up).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and

supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (cleaned up). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (cleaned up). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (cleaned up). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (cleaned up).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

-10-

"Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (cleaned up).

## Analysis

I.    The Court should grant summary judgment on all of BHI's claims because <u>BHI's damages are too speculative to submit to a jury.</u>

Damages are an element of each of BHI's claims. *See Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 689 (Tex. 2017) (Tortious Interference with Contract – Counts 1, 2, and 3); 18 U.S.C. § 1836(b)(3)(B)(i)-(ii) (Federal Defend Trade Secrets Act – Count 4); TEX. CIV. PRAC. & REM. CODE § 134A.004(a) (Texas Uniform Trade Secrets Act – Count 5); 18 U.S.C. § 1030(g) (Computer Fraud and Abuse Act – Count 6); *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 221 (Tex. 2017) (Breach of Fiduciary Duty – Counts 7 and 8); *BP Automotive, L.P. v. RML Waxahachie Dodge, L.L.C.*, 448 S.W.3d 562, 572 (Tex. App. – Houston [1st Dist.] 2014, no pet.) (Unfair Competition – Count 9); *Apani Sw., Inc. v. Coca-Cola Enters., Inc.*, 300 F.3d 620, 635 (5th Cir. 2002) (Conspiracy – Counts 10, 11, and 12); *Pemex Exploracion y Produccion v. BASF Corp.*, Civil Action Nos. H-10-1997, H-11-2019, 2013 WL 5514944, at *4 (S.D. Tex. Oct. 1, 2013) (Conversion – Count 13).

Defendants seek summary judgment on all claims, arguing that BHI's alleged

damages are too speculative to be submitted to a jury. They argue that BHI fails to disclose any theory or methodology for calculating its alleged damages.

"Under Texas law, neither the fact [nor] amount of damages alleged can be speculative; both must be established with 'reasonable certainty.' A plaintiff's failure to show either acts as a bar to recovery." *Roehrs v. Conesys, Inc.*, 332 F. App'x 184, 186 (5th Cir. 2009) (cleaned up); *see also Little v. KPMG LLP*, Civil Action No. SA-07-CA-621-FB, 2008 WL 576226, at *5 (W.D. Tex. Jan. 22, 2008) ("Texas and federal law require plaintiffs to demonstrate non-speculative damages to pursue a claim.") (collecting cases), *aff'd,* 575 F.3d 533 (5th Cir. 2009).

Initially, BHI conflates the legal standards for motions to dismiss and motions for summary judgment, focusing on its allegations about damages. But,

> [a]t the summary judgment stage, it is not sufficient for a plaintiff to simply state a theory of damages without pointing to competent summary judgment evidence of facts showing that it actually suffered the damages claimed. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim.

*Terra Partners v. Rabo AgriFinance, Inc.*, No. 2:08-cv-194-J, 2011 WL 5527292, at *6 (N.D. Tex. Nov. 8, 2011).

BHI asserts that "[t]he amount of BHI's damages can be established with reasonable certainty based on Defendants' unlawful gain as one measure, and BHI's historical revenue from its Oncor projects as another measure." Dkt. No. 126 at 12.

Defendants contend that the alleged damages are too speculative because BHI fails to disclose any theory or proposed methodology for calculating its damages.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires disclosure of a computation of each category of damages claimed by the disclosing party. *See* FED. R. CIV. P. 26(a)(1)(A)(iii). In its initial Rule 26(a) disclosures and both supplemental disclosures, BHI stated that "Plaintiff's damages are not yet calculable. When appropriate, Plaintiff will seek relief in the form of its damages, costs, disbursements, and attorneys' fees." Dkt. No. 98-5 at 131, 149, 384.

Defendants sent BHI an interrogatory asking BHI to "[d]etail your calculation of alleged damages, asserted in your Complaint and Initial Disclosures." *Id*. at 57 (Interrogatory No. 16). In response, and after asserting boilerplate objections, "BHI states that it has not yet completed its investigation and will supplements its response to Interrogatory No. 16 as necessary." *Id*.

But BHI did not, and Defendants filed a motion to compel. *See* Dkt. No. 74. In response to a discovery deficiency letter sent before Defendants filed the motion to compel, *see* Dkt. No. 98-5 at 155-56, BHI responded that "[t]his Interrogatory seeks documentation concerning BHI's calculation of damages. Defendants insist that BHI must 'explain the methodology by which it intends to calculate its damages at length.'" *Id*. at 160. BHI then refers Defendants to BHI's Rule 30(b)(6) representative's deposition testimony and adds that, "[m]oreover, other deponents testified about the revenues expected per crew." *Id*. (citations omitted). The Court compelled BHI to "serve a supplemental, complete answer [to Interrogatory No. 16]

-13-

that includes all the requested information after 'reviewing all sources of responsive information reasonably available to [BHI] and providing the responsive, relevant facts reasonably available to' BHI." Dkt. No. 129. The parties do not direct the Court to any summary judgment evidence indicating whether BHI did so.

BHI withdrew the designation of its damages expert after Defendants filed a motion to strike his testimony and report. S*ee* Dkt. No. 91. BHI did not designate another damages expert before the deadline, and expert discovery has closed.

In response to a request for production of "[d]ocuments and communications supporting or relating to the amount of damages to which you believe BHI is entitled in this Lawsuit," BHI responded, after making boilerplate objections, that it would produce the documents. Dkt. No. 98-5 at 38-39. But, again, BHI does not direct the Court to any summary judgment evidence indicating that it did so, and Defendants contend that it did not.

BHI's damages evidence seems to consist of deposition testimony and a smattering of documents concerning the rates that BHI charged Oncor for completed projects and the excluded Oncor Spreadsheet.

As Defendants correctly note, the documents concerning the rates that BHI charges Oncor "do not alone provide any guidance whatsoever to the amount of BHI's purported damages." Dkt. No. 132-2 at 4.

And the deposition testimony that BHI hangs its damages theory on is that, before employees left BHI to join KVP, BHI had 12 five-man crews and each crew brought in $1.2 million in revenue yearly but, afterward, BHI was reduced to 3

five-man crews and lost work opportunities as a result. According to BHI, "BHI's damages may be likened to this classic arithmetic sequence: If Johnny, or in this case BHI, has 12 apples, and Mary, or the Defendants in this case, unlawfully take 9 of Johnny's apples, BHI is owed nine apples, and a trier of fact may award BHI the reasonable value of the apples." Dkt. No. 126 at 15.

But BHI must show how it determined what the reasonable value of the apples is, and it fails to meet its summary judgment burden to come forward with objective evidence supporting its damages claims.

Without it, BHI's damages allegations are too speculative to submit to a jury. And BHI's response pointing, for the first time, to a possible disgorgement remedy fails to meet its burden for all the reasons that Defendants persuasively explain in reply. *See* Dkt. No. 132-2 at 3-4.

BHI also seeks damages for equipment that it alleges was not returned when the employees left BHI to join KVP. But it fails to properly identify the tooling and equipment that was allegedly not returned by the Individual Defendants or to provide evidence of the fair market value of that property on the date it was allegedly taken.

II.     Only in the alternative, the Court should grant in part and deny in part based on Defendants' other arguments.

The undersigned will also address below Defendants' other arguments for summary judgment on each of BHI's claims but only in the alternative because, if the Court disagrees with the undersigned's primary recommendation above and

-15-

determines that BHI's damages are not too speculative to go to a jury, the Court will need to reach these arguments as to BHI's claims.

    A.    <u>Tortious Interference</u>

        1.    <u>Tortious Interference with Contract</u>

BHI asserts that all Defendants tortiously interfered in its contract with Oncor.

Under Texas law, the elements of a tortious interference with contract claim are (1) an existing contract subject to interference; (2) a willful and intentional act of interference with the contract; (3) that proximately caused the plaintiff's injuries; and (4) caused actual damages or loss. *See WickFire, L.L.C. v. Laura Woodruff TriMax Media, L.L.C.*, 989 F.3d 343, 354 (5th Cir. 2021), as revised (Mar. 2, 2021); *Prudential Ins. Co. of Am. v. Fin. Rev. Servs., Inc.*, 29 S.W.3d 74, 77 (Tex 2000). The plaintiff must present evidence that a contract provision was breached. *See id.*; *El Paso Healthcare Sys., Ltd. v. Murphy*, 518 S.W.3d 412, 421-22 (Tex. 2017). General claims of interference with a business relationship are insufficient to establish a tortious interference with contract claim. *See Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 674-75 (S.D. Tex. 2010).

"A party to a contract has a cause of action for tortious interference against any third person (a stranger to the contract) who wrongly induces another contracting party to breach the contract." *Holloway v. Skinner*, 898 S.W.2d 793, 794-95 (Tex. 1995); *see also Geolink Limited (U.K.) v. Mahmood*, No. 4:21-cv-803, 2022 WL 2124519, at *3 (S.D. Tex. Mar. 18, 2022) ("[T]o maintain a tortious

interference with a contract claim, Plaintiff must allege Defendants' conduct caused a co-contracting party to breach an obligatory term or provision of the [contract], and thus interfered with Plaintiff's legal rights under the contract.").

To paraphrase, to survive summary judgment on a tortious interference with contract claim against Defendants (strangers to the contract), BHI must show that Defendants wrongly induced Oncor (the only other contracting party) to breach its contract with BHI. But BHI admits, *see* Dkt. No. 98-5 at 572-73 (127:24-128:2), and it is not otherwise disputed, that Oncor did not breach the contract.

BHI and Oncor operate under a master services agreement through which Oncor provides work to BHI. *See* Dkt. No. 124-1 at 115-16 (131:21-132:1). The contract is not exclusive: "[Oncor] reserves the right to obtain the types of services provided by [BHI] from other sources without obligation or liability to [BHI]." Dkt. No. 98-5 at 205.

Since BHI cannot maintain a tortious interference with contract claim based on its own breach of the contract, and it fails to identify a contract provision that was breached, the Court should grant summary judgment in Defendants' favor on, and dismiss with prejudice, this claim.

2. <u>Tortious Interference with Employment Obligations</u>

BHI alleges that the Corporate Defendants tortiously interfered with the employment obligations of its former employees Dustin Coble, Ross Glover, Roy Glover, and Shelby Walker and former Vice-Presidents Darrell Hallmark and Ben Campbell.

BHI alleges that the Corporate Defendants had contact with the Individual Defendants, Hallmark, and Campbell while they were employed by BHI, with the intent to cause them to terminate their employment with BHI and begin working for the Corporate Defendants. *See* Dkt. No. 1 at 15-17.

The Individual Defendants, Hallmark and Campbell did not have employment agreements with BHI. *See* Dkt. No. 98 at 568. They were at-will employees. *See id.*

And the hiring of an at-will employee cannot, without more, give rise to a tortious interference claim. *See Lazer Spot, Inc. v. Hiring Partners, Inc.*, 387 S.W.3d 40, 50 (Tex. App. – Texarkana 2012, pet. denied).

"Ordinarily, merely inducing a contract obligor to do what it has a right to do is not interference." *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997). Other than allegedly defamatory statements by third parties that result in termination of at-will employment, other actionable interference hinges on violation of a contractual provision. *See Lazer*, 387 S.W.3d at 53.

Here, BHI does not allege or submit summary judgment evidence to show that the Corporate Defendants made defamatory statements or committed or induced a breach of any contractual provision to induce the Individual Defendants, Hallmark, or Campbell to terminate their at-will employment with BHI and go to work for Power Standard.

The Court should grant summary judgment in the Corporate Defendants' favor on, and dismiss with prejudice, BHI's tortious interference with employment obligations claims.

-18-

B.    Misappropriation of Trade Secrets under the Texas Uniform Trade
Secrets Act and the Federal Defend Trade Secrets Act

To prevail on a claim for misappropriation of trade secrets under the Texas

Uniform Trade Secrets Act ("TUTSA"), a plaintiff must establish that: (1) a trade

secret existed; (2) the trade secret was acquired through a breach of a confidential

relationship or discovered by improper means; (3) the trade secret was used without

authorization; and (4) the trade secret owner suffered damages as a result. *See BKL*

*Holdings, Inc. v. Globe Life Inc.*, 660 F. Supp. 3d 602, 611 (E.D. Tex. 2023); TEX. CIV.

PRAC. & REM. CODE § 134A.002.

A federal claim for misappropriation of trade secrets under the Defend Trade

Secrets Act ("DTSA") has three elements: (1) a trade secret; (2) misappropriation;

and (3) use in interstate commerce. *See BarZ Adventures Inc. v. Patrick*, No.

4:20-CV-299, 2023 WL 2478550, at *8 (E.D. Tex. Mar. 13, 2023). "'A person

misappropriates a trade secret when the person uses improper means to acquire

knowledge of a trade secret and then discloses or uses a trade secret without

consent.'" *Id.* (quoting *ESPOT, Inc. v. MyVue Media, LLC*, 492 F. Supp. 3d 672, 698

(E.D. Tex. 2020), and citing 18 U.S.C. § 1839(5)(B)(i)).

"Because the DTSA and TUTSA are both based on the Uniform Trade Secrets

Act, a substantial number of provisions in the two statutes – including the definition

of 'trade secret' – are either identical or very similar in many respects." *DBG Grp.*

*Inv., LLC v. Puradigm, LLC*, No. 3:21-cv-678-S, 2022 WL 313435, at *2 (N.D. Tex.

Feb. 2, 2022). For that reason, when "the alleged trade secrets at issue in plaintiff's

-19-

claims under the DTSA and TUTSA are the same," courts generally address the two jointly. *Pro Mineral, LLC v. Marietta*, No. 3:21-cv-2773-E, 2023 WL 2410884, at *2 (N.D. Tex. Mar. 8, 2023).

Defendants argue that "BHI's alleged 'trade secrets' are not trade secrets at all." Dkt. No. 98-3 at 23. Defendants' arguments are based on the "unrebutted" testimony of James Pooley, whom Defendants designated as an expert to offer opinions concerning whether BHI took reasonable measures to protect its alleged trade secrets.

But, because of the timing of Pooley's expert disclosures and reports, the Court cannot yet determine whether there are fact questions on this issue.

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The expert witness's designation must be accompanied by a written report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).

Pooley's initial expert report did not contain any opinions. He first supplemented his report to offer tentative opinions, and, two days before Defendants filed their Motion for Summary Judgment, Pooley again supplemented his expert report, this time to offer complete opinions. Defendants cite the second supplemental report in support of their Motion for Summary Judgment. *See* Dkt. No. 98-3 at 25-27.

In separate orders entered today, the Court denies BHI's motion to strike

Pooley's expert report and testimony and grants BHI's motion to designate an expert to rebut Pooley's second supplemental report and testimony. It would be unjust to consider the "unrebutted" second supplemental report before BHI has had the opportunity to offer controverting evidence.

Accordingly, the Court should conclude that it is premature to consider summary judgment on the misappropriation of trade secret claims and should deny Defendants' Motion for Summary Judgment on those claims at this time.

C.    Computer Fraud and Abuse Act

The Computer Fraud and Abuse Act ("CFAA") prohibits the unauthorized access to a protected computer for the purposes of obtaining information, causing damage, or perpetrating fraud. *See M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 779 (S.D. Tex. 2010); 18 U.S.C. § 1030. The CFAA covers those who obtain information from areas in the computer – such as files, folders, or databases – to which their computer access does not extend. It does not cover those who have improper motives for obtaining information that is otherwise available to them. *See Van Buren v. United States*, 593 U.S. 374, 377 (2021).

BHI does not identify which section of the CFAA the Individual Defendants allegedly violated but alleges that they "knowingly and with the intent to defraud accessed BHI's computers to obtain information to provide to BHI's competitor including but not limited to employee data, customer contracts, and confidential pricing data." Dkt. No. 1 at 21.

Based on this allegation, it seems that BHI is asserting a claim for violation of

Section 1030(a)(4), which provides for liability where an individual

> knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period.

18 U.S.C. § 1030(a)(4). "An individual 'exceeds authorized access' when he accesses a computer with authorization but then obtains information located in particular areas of the computer – such as files, folders, or databases – that are off limits to him." *Van Buren*, 593 U.S. at 396.

Defendants assert that they are entitled to summary judgment because there is no evidence that any of the Individual Defendants accessed a protected computer without authorization or in excess of his authorization. There is evidence that the Individual Defendants downloaded BHI documents to their personal emails while they were employed by BHI. But BHI's corporate representative admitted that none of them gained access to any documents or information that they were not authorized to view. *See* Dkt. No. 98-5 at 575 (139:12-15).

The Court should grant summary judgment in the Individual Defendants' favor on, and dismiss with prejudice, the CFAA claim because the Individual Defendants were authorized to access the information.

D.  Texas common law claims based on alleged misappropriation of trade secrets and confidential information

BHI asserts claims against the Corporate Defendants for participation in breach of fiduciary duty and duty of loyalty, against the Individual Defendants for

breach of fiduciary duty and loyalty, and against all Defendants for unfair competition. *See* Dkt. No. 1 at 21-25.

### 1. TUTSA Preemption

To the extent these claims are based on the alleged misappropriation of trade secrets or confidential information, they are preempted by TUTSA, which "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." TEX. CIV. PRAC. & REM. CODE § 134A.007. "The purpose of TUTSA's preemption provision is to prevent inconsistent theories of relief for the same underlying harm by eliminating alternative theories of common law recovery which are premised on the misappropriation of a trade secret." *BLK Holdings*, 660 F. Supp. 3d at 608.

### 2. Breach of fiduciary duty claims against Corporate Defendants

Defendants concede that there are fact questions as to whether the Individual Defendants breached any fiduciary duty and duty of loyalty to BHI. *See* Dkt. No. 132-2 at 22 n.11. But they contend that there is no evidence that the Corporate Defendants knowingly participated in any alleged breach.

"Under Texas law, 'where a third party knowingly participates in the breach of a fiduciary, such third party becomes a joint-tort-feasor with the fiduciary and is liable as such.'" *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639 (5th Cir. 2007) (quoting *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.3d 509, 514 (Tex. 1942)). To establish a claim for knowing participation in a breach of fiduciary duty, a plaintiff must assert: (1) the existence of a fiduciary relationship; (2) that the third

party knew of the fiduciary relationship; and (3) that the third party was aware that it was participating in the breach of that fiduciary relationship. *See Franklin D. Azar & Assocs., P.C. v. Bryant*, No. 4:17-cv-418-ALM-KPJ, 2019 WL 5390172, at *2 (E.D. Tex. July 30, 2019).

"Knowledge … requires proof that [the Corporate Defendants] had an actual awareness, at the time of the conduct, that [the Individual Defendants had] a fiduciary duty and that [they were] breaching that fiduciary duty." *Id*. at *4.

The Corporate Defendants assert that there is no evidence that they had knowledge that any person owing a fiduciary duty to BHI was unlawfully soliciting BHI employees to change employment or misappropriating BHI's confidential information.

In response, BHI points to an internal Power Standard email chain discussing logistics for scheduling orientation for new employees, including but not limited to former BHI employees. *See* Dkt. No. 124-1 at 3023-28. BHI does not explain how the email correspondence demonstrates that any Individual Defendant breached any fiduciary duty or duty of loyalty to BHI.

Because BHI fails to provide summary judgment evidence showing the Corporate Defendants had actual knowledge that BHI employees breached any fiduciary duty or duty of loyalty to BHI, the Court should grant in the Corporate Defendants' favor on, and dismiss with prejudice, the breach of fiduciary duty and duty of loyalty claims against the Corporate Defendants.

3.    Unfair Competition

-24-

BHI alleges that its "confidential, proprietary and trade secret information []
was created by BHI through extensive time, labor skill and money" and that
Defendants "wrongful use and acquisition of BHI's confidential, proprietary and
trade secret information [] is giving the Defendants a special advantage and a free
ride because the Defendants are burdened with little or none of the expense incurred
by BHI in developing its confidential, proprietary and trade secret information." Dkt.
No. 1 at 25 ¶¶ 195, 196.

These allegations closely mirror the elements of an unfair competition or
common-law misappropriation claim, which are "(1) the creation of plaintiff's product
(i.e., the trade secret information) through extensive time, labor, skill, and money;
(2) the defendant's use of that product in competition with the plaintiff, thereby
gaining a special advantage in that competition (i.e., a 'free ride') because defendant
is burdened with little or none of the expense incurred by the plaintiff; and (3)
commercial damage to the plaintiff." *BP Automotive, L.P., v. RML Waxahachie
Dodge, L.L.C.*, 448 S.W.3d 562, 572 (Tex. App. – Houston [1st Dist.] 2014, no pet.).

Because BHI's unfair competition claim is predicated on alleged
misappropriation of purported trade secrets and other confidential information, it is
preempted by the TUTSA and the Court should grant summary judgment in
Defendants' favor on, and dismiss with prejudice, the unfair competition claim.

E.    Conspiracy

BHI asserts three conspiracy claims. It alleges that Defendants conspired to
tortiously interfere with BHI's contract with Oncor, conspired to interfere with BHI's

employment relationships, and conspired to misappropriate BHI's trade secrets.

"The essential elements of a civil conspiracy claim are: 1) two or more persons; 2) an object to be accomplished; 3) a meeting of the minds on the object or course of action; 4) one or more unlawful, overt acts; and 5) damages as the proximate result." *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 404-05 (5th Cir. 2013).

"Civil conspiracy is a derivative tort; therefore, liability for a civil conspiracy depends on participation in an underlying tort." *Id*. at 402. If the underlying tort claim fails, so, too, does the civil conspiracy claim as a matter of law. *See Davis-Lynch, Inc. v. Moreno,* 667 F.3d 539, 553 (5th Cir. 2012) ("To establish the required 'overt act,' a plaintiff must show that the defendant committed an act that, if done alone, would give rise to a cause of action.").

Because the Court should grant summary judgment on the tortious interference with contract and with business relationship claims, but it is premature to determine the misappropriation of trade secret claims, the Court should grant summary judgment in Defendants' favor on, and dismiss with prejudice, the claims that Defendants conspired to tortiously interfere with BHI's contract with Oncor and conspired to interfere with BHI's employment relationships – but not the claim that Defendants conspired to misappropriate BHI's trade secrets.

F.    Conversion

BHI alleges that the Individual Defendants did not properly return their BHI issued trucks or tools to BHI but instead left the trucks and tools in a parking lot. When BHI arrived to obtain its property, some of BHI's tools and equipment were

missing. BHI alleges that the Individual Defendants' interference with BHI's property was willful and their conversion of BHI's property was inconsistent with BHI's property rights. *See* Dkt. No. 1 at 28-29.

"Conversion is the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights." *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 410 (5th Cir. 2004) (quoting *Green Int'l Inc., v. Solis*, 951 S.W.3d 384, 391 (Tex. 1997)). "The elements of conversion are: (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for the return of the property." *Safe Home Sec., Inc. v. Philadelphia Indem. Ins. Co.*, 581 F. Supp. 3d 794, 803 (N.D. Tex. 2021) (quoting *Tex. Dep't of Transp. v. Crockett*, 257 S.W.3d 412, 416 (Tex. App. – Corpus Christi 2008, pet. denied)).

The plaintiff in a conversion case bears the burden of establishing the identity of the property converted and damages. *See Pemex*, 2013 WL 5514944, at *4.

But BHI fails to identify any of the tools or equipment allegedly converted by any specific Defendants. Instead, it produces a list of tools and equipment that were allegedly missing from an inventory taken at some undisclosed time after the Individual Defendants left BHI's employment. *See* Dkt. No. 98-5 at 198, 576. BHI's corporate representative testified that BHI had no proof any of the items on the list were taken by any of the defendants. *See id*. at 577. He acknowledged that he could

not rule out the possibility that some of the property alleged to have been taken by Defendants had been missing, lost, or not properly accounted for in an inventory, *see id*. at 578; taken by BHI employees who did not go to work for the Corporate Defendants; or stolen by unrelated third parties, *see id*. at 578-80. And he testified that he "had no way to speculate" whether the Corporate Defendants directed any of the former BHI employees to take BHI's tooling and equipment. *Id*. at 578.

BHI also valued to missing tools and equipment at the price paid for each item at the time of purchase, even though the items had been in service at "[v]arious ages across the population of tooling." *Id*. at 577.

The Court should grant summary judgment in Defendants' favor on, and dismiss with prejudice, summary judgment on the conversion claim because BHI has not met its burden to come forward with evidence showing the missing tools and equipment were converted by Defendants.

G.    Attorneys' Fees

Defendants contend that, even if BHI could prevail on any of its claims, it would not be entitled to attorneys' fees because only two of those claims – those for misappropriation of trade secret claims under TUTSA and DTSA – provide for the recovery of attorneys' fees and they do so only if the misappropriate of trade secrets was willful and malicious. *See* 18 U.S.C. § 1836(b)(3)(D); TEX. CIV. PRAC. & REM. CODE § 134A.005.

But, because it is premature to determine whether Defendants are entitled to summary judgment on their misappropriation of trade secret claims, it is also

premature to determine whether they may recover attorneys' fees under those claims.

## Recommendation

The Court should grant Defendants' Motion for Summary Judgment [Dkt. No. 97] and dismiss all of Plaintiff BHI Energy I Power Services, LLC's claims with prejudice.

Although these Findings, Conclusions, and Recommendation may not contain any confidential information, the Court is, out of an abundance of caution, conditionally entering them under seal because the underlying motion papers quoted or cited above remain filed under seal. After the Court rules on the pending issues regarding what should remain sealed, *see* Dkt. Nos. 94, 98, 102, 105, 115, 119, 132, and 143, the Court will, if appropriate consistent with those rulings on sealing of the underlying motion papers, order the Findings, Conclusions, and Recommendation to be unsealed or enter a public, redacted version of the Findings, Conclusions, and Recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 24, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE