IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BHI ENERGY I POWER SERVICES LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-1981-L-BN |
| KVP HOLDINGS, LLC, KVP ENERGY SERVICES, LLC, POWER STANDARD LLC f/k/a KVP POWER LLC, DUSTIN COBLE, WELLBORN "ROSS" GLOVER, ROY GLOVER, and SHELBY WALKER, | § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff BHI Energy I Power Services LLC moves to strike the expert report and exclude the testimony of James Pooley. *See* Dkt. No. 78.

Defendants KVP Energy Services, LLC ("KVP"), KVP Holdings, LLC ("KVP Holdings"), and Power Standard, LLC, formerly known as KV Power, LLC ("Power Standard") (collectively with KVP and KVP Holdings, the "Corporate Defendants") and Dustin Coble, Wellborn "Ross" Glover, Roy Glover, and Shelby Walker (collectively, the "Individual Defendants" and, with the Corporate Defendants, "Defendants") filed a response, *see* Dkt. No. 108-1, and BHI filed a reply, *see* Dkt. No. 125.

For the reasons explained below, the Court denies Plaintiff's Motion to Strike

-1-

the Expert Report of and Exclude the Testimony of James Pooley [Dkt. No. 78]. *See*

*Jacked Up, L.L.C. v. Sara Lee Corp.*, 807 F. App'x 344, 346 n.2 (5th Cir. 2020) (the

admissibility of an expert report is "a non-dispositive matter," which can be

""referred to a magistrate judge to hear and decide"" under Federal Rule of Civil

Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A)).

## Background

On August 3, 2023, Defendants designated James Pooley as an expert witness

to offer opinions concerning whether BHI took reasonable measures to protect its

alleged trade secrets. *See* Dkt. No. 57. Pooley's initial report did not include any

opinions:

> I understand from counsel for Defendants that discovery is still ongoing
> and, to date, BHI has not identified the purported trade secrets that it
> alleges were misappropriated by any Defendant(s), nor has it provided
> any documents or information sufficient to allow me to assess whether
> BHI has implemented reasonable measures to protect its trade secrets.
> As a result, I have not yet been able to reach any opinions in this
> matter.

Dkt. No. 161-1 at 3.

Pooley supplemented his report on September 18, 2023 and explained:

> I understand from counsel for Defendants that discovery is still ongoing
> and, to date, BHI has not identified with particularity the purported
> trade secrets that it alleges were misappropriated by any Defendant(s),
> and it has provided some limited discovery comprising information
> relevant to my assessment of whether BHI has implemented reasonable
> measures to protect those alleged trade secrets. As a result, I have been
> able to form reliable, but tentative, opinions regarding that issue.

Dkt. No. 80-1 at 2; Dkt. No. 161-2 at 2 (same).

Although discovery closed on November 2, 2023, the parties stipulated to

extend the deposition deadline beyond the close of discovery.

Pooley was deposed on November 13, 2023. *See* Dkt. No. 87-2.

On November 16, 2023, BHI filed a motion to strike Pooley's supplemental expert report and exclude his testimony. See Dkt. No. 78.

BHI argues that (1) Pooley's opinions invade the province of the fact finder, (2) Pooley has failed to demonstrate that his opinions and testimony are based on reliable methods, (3) Pooley's opinions are based on insufficient facts, and (4) Pooley has failed to provide all materials and facts that he considered in forming his opinion. *See* Dkt. No. 79.

On December 5, 2023, Pooley supplemented his report a second time. *See* Dkt. No. 100-3 at 10-23; Dkt. No. 161-3 (same). Specifically, he supplemented his report to incorporate additional information not available until after his first supplemental report, including the transcripts of nineteen depositions, BHI's supplemental interrogatory responses, and supplemental document production. *See* Dkt. No. 100-3 at 25-42 (redline comparing first and second supplemental reports). "As a result," Pooley stated, "I have been able to form reliable opinions regarding the issues in this report." Dkt. No. 161-3 at 2.

Defendants then responded to the motion to strike, *see* Dkt. No. 108, and BHI filed a reply, *see* Dkt. No. 125.

## Legal Standards

As another judge in this district recently laid out,

-3-

> Federal Rule of Evidence 702 governs the admissibility of expert testimony as evidence. Rule 702 permits opinion testimony from a witness "qualified as an expert by knowledge, skill, experience, training, or education" if the expert's knowledge will assist the trier of fact, and (1) "the testimony is based on sufficient facts or data;" (2) "the testimony is the product of reliable principles and methods;" and (3) ["the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."]

*Ramos v. Home Depot Inc.*, No. 3:20-cv-1768-X, 2022 WL 615023, at *1 (N.D. Tex. Mar. 1, 2022) (cleaned up); FED. R. EVID. 702 (as amended on December 1, 2023).

"In its gatekeeping role, the Court determines the admissibility of expert testimony based on Rule 702 and [*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993),] and its progeny." *Jacked Up, LLC v. Sara Lee Corp.*, 291 F. Supp. 3d 795, 800 (N.D. Tex. 2018), *aff'd*, No. 3:11-cv-3296-L, 2018 WL 2064126 (N.D. Tex. May 2, 2018). Under Rule 702 and *Daubert*,

> [a]s a gatekeeper, this Court must permit only reliable and relevant testimony from qualified witnesses to be admitted as expert testimony. The party offering the expert testimony has the burden of proof, by a preponderance of evidence, to show that the testimony is reliable and relevant.

*Ramos*, 2022 WL 615023, at *1 (cleaned up); *accord* FED. R. EVID. 702 advisory committee's notes (2023 amendments). And "*Daubert's* general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

Applying this analytical framework under Rule 702 and *Daubert*, a "court may admit proffered expert testimony only if the proponent, who bears the burden of

proof, demonstrates that (1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable." *Galvez v. KLLM Transp. Servs., LLC*, 575 F. Supp. 3d 748, 759 (N.D. Tex. 2021); *accord DeWolff, Boberg & Assocs., Inc. v. Pethick*, No. 3:20-cv-3649-L, 2024 WL 1396267, at *3 (N.D. Tex. Mar. 31, 2024).

"First, an expert must be qualified. Before a district court may allow a witness to testify as an expert, it must be assured that the proffered witness is qualified to testify by virtue of his knowledge, skill, experience, training, or education." *Aircraft Holding Sols., LLC v. Learjet, Inc.*, No. 3:18-cv-823-D, 2022 WL 3019795, at *5 (N.D. Tex. July 29, 2022) (cleaned up). "The distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *Holcombe*, 516 F. Supp. 3d at 679-80 (cleaned up); *accord Arnold v. Allied Van Lines, Inc.*, No. SA-21-CV-00438-XR, 2022 WL 2392875, at *18 (W.D. Tex. July 1, 2022) ("Testimony regarding first-hand, historical perceptions constitutes lay, not expert, opinion testimony."). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Aircraft Holding*, 2022 WL 3019795, at *5 (cleaned up).

And, if the expert is qualified, "Rule 702 charges trial courts to act as gate-keepers, making a 'preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue. Expert

testimony must be both relevant and reliable to be admissible." *Hall v. State*, No. CV H-21-1769, 2022 WL 2990912, at *4 (S.D. Tex. July 28, 2022) (cleaned up).

> Expert testimony is relevant if it assists the trier of fact in understanding the evidence or determining a fact in issue. Federal Rule of Evidence 401 further clarifies that relevant evidence is evidence that has "any tendency to make a fact more or less probable than it would be without evidence" and "is of consequence in determining the action."

*Id.* (cleaned up). "Relevance depends upon whether [the expert's] reasoning or methodology properly can be applied to the facts in issue." *Aircraft Holding*, 2022 WL 3019795, at *6 (cleaned up); *accord DeWolff*, 2024 WL 1396267, at *4. "To be relevant, the expert's reasoning or methodology [must] be properly applied to the facts in issue." *In re: Taxotere (Docetaxel) Prod. Liab. Litig.*, 26 F.4th 256, 268 (5th Cir. 2022) (cleaned up).

"When performing [the required gate-keeping Rule 702 and *Daubert*] analysis, the court's main focus should be on determining whether the expert's opinion will assist the trier of fact." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019). "Assisting the trier of fact means the trial judge ought to insist that a proffered expert bring to the jury more than the lawyers can offer in argument," but "the helpfulness threshold is low: it is principally ... a matter of relevance." *Id.* at 293-94 (cleaned up); *accord Imperial Trading Co. v. Travelers Prop. Cas. Co. of Am.*, No. CIV.A. 06-4262, 2009 WL 2356292, at *1 (E.D. La. July 28, 2009) ("[T]he Court must determine whether the expert's reasoning or methodology 'fits' the facts of the case and whether it will thereby assist the trier of fact to understand the evidence, in other words, whether it is relevant." (cleaned up)).

As to reliability, the required "analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et alia," and "mandates that expert opinion be grounded in the methods and procedures of science." *Jacked Up*, 291 F. Supp. 3d at 801 (cleaned up). "Expert evidence that is not reliable at each and every step is not admissible." *Jacked Up*, 807 F. App'x at 348 (cleaned up).

"Expert testimony is reliable if the reasoning or methodology underlying the testimony is scientifically valid." *Ramos*, 2022 WL 615023, at *1 (cleaned up).

"Such testimony must be more than subjective belief or unsupported speculation." *Id.* (cleaned up). "In other words, this Court need not admit testimony that is connected to existing data only by the ipse dixit [– that is, an unproven and unsupported assertion resting only on the authority –] of the expert." *Id.* (cleaned up). "[W]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Holcombe*, 516 F. Supp. 3d at 687 (cleaned up); *accord Imperial Trading*, 2009 WL 2356292, at *1 ("The reliability inquiry requires the Court to assess whether the reasoning or methodology underlying the expert's testimony is valid. The aim is to exclude expert testimony based merely on subjective belief or unsupported speculation." (cleaned up)).

"Experts are permitted to rely on assumptions when reaching their opinions," but "those assumptions must have some factual basis in the record and an underlying rationale." *Jacked Up*, 291 F. Supp. 3d at 807-07 (cleaned up). "But there is no requirement that an expert derive his opinion from firsthand knowledge or

observation." *Id.* at 801 (cleaned up). More specifically, "[e]xperts are permitted to assume the fact of liability and opine about the extent of damages," and "[a]n expert's reliance on assumptions does not itself make the expert opinion unreliable or inadmissible." *ENGlobal U.S. Inc. v. Native Am. Servs. Corp.*, No. CV H-16-2746, 2018 WL 1877015, at *8 (S.D. Tex. Apr. 19, 2018) (cleaned up).

And Federal Rule of Evidence 703 "permit[s] an expert witness to base his opinion on 'facts or data … that the expert has been made aware of or personally observed' and to opine [and based his opinion] on inadmissible evidence if 'experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject.'" *Taxotere (Docetaxel) Prod. Liab. Litig.*, 26 F.4th at 269 & n.10 (cleaned up). More specifically, courts have concluded that, although a party's damages expert "did not personally observe the facts or data in [another expert's report], as a damages expert, he may rely on hearsay, including other expert reports, in forming his opinions." *ENGlobal*, 2018 WL 1877015, at *11 (cleaned up).

Still, "Rule 702 and *Daubert* require an expert witness independently to validate or assess the basis for his or her assumptions," and "[t]he party seeking to have the district court admit expert testimony must demonstrate that the expert's findings and conclusions are based on the scientific method, and, therefore, are reliable," which "requires some objective, independent validation of the expert's methodology." *Taxotere (Docetaxel) Prod. Liab. Litig.*, 26 F.4th at 268 (cleaned up).

"Although the basis of an expert's opinion usually goes to the weight and not the admissibility of expert testimony, in some cases the source upon which an

expert's opinion relies is of such little weight that the jury should not be permitted to receive that opinion. In the words of the Third Circuit, the suggestion that the reasonableness of an expert's reliance on facts or data to form his opinion is somehow an inappropriate inquiry under Rule 702 results from an unduly myopic interpretation of Rule 702 and ignores the mandate of *Daubert* that the district court must act as a gatekeeper." *Jacked Up*, 807 F. App'x at 348 (cleaned up).

"In some circumstances, an expert might be able to rely on the estimates of others in constructing a hypothetical reality, but to do so, the expert must explain why he relied on such estimates and must demonstrate why he believed the estimates were reliable." *Id.* at 348-49 (cleaned up).

And "[t]he expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Taxotere (Docetaxel) Prod. Liab. Litig.*, 26 F.4th at 268 (cleaned up).

"The Court normally analyzes questions of reliability using the five nonexclusive factors known as the *Daubert* factors, [which are: (1) whether the expert's technique can be or has been tested; (2) whether the method has been subjected to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community]." *Ramos*, 2022 WL 615023, at *1 & n.11 (cleaned up). "But these factors may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the

subject of [the] testimony." *Kim v. Nationwide Mut. Ins. Co.*, No. 3:21-cv-345-D, 2022 WL 2670393, at *5 (N.D. Tex. July 11, 2022) (cleaned up).

"The point of this inquiry is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Holcombe*, 516 F. Supp. 3d at 674 (cleaned up); *accord DeWolff*, 2024 WL 1396267, at *4-*5.

"The Court also does not need to admit testimony based on indisputably wrong facts." *Ramos*, 2022 WL 615023, at *1 (cleaned up). The United States Court of Appeals for the "Fifth Circuit has recognized that [t]he *Daubert* reliability analysis applies to, among other things, 'the facts underlying the expert's opinion,'" and "an opinion based on insufficient, erroneous information, fails the reliability standard." *Jacked Up*, 291 F. Supp. 3d at 802 (cleaned up). "And although the *Daubert* reliability analysis is flexible and the proponent of the expert evidence need not satisfy every one of its factors, the existence of sufficient facts ... is in all instances mandatory." *Id.* (cleaned up).

But, "[i]n conducting its analysis, the Court focuses on the reasonableness of the expert's approach regarding the matter to which his testimony is relevant and not on the conclusions generated by the expert's methodology." *Ramos*, 2022 WL 615023, at *1 (cleaned up). A motion to exclude is not properly based on an "objection that goes to whether [the proffered expert's] opinion is correct, not whether it is reliable," where "[t]he proponent need not prove to the judge that the expert's

-10-

testimony is correct, but," rather, "by a preponderance of the evidence that the testimony is reliable." *Aircraft Holding*, 2022 WL 3019795, at *8 (cleaned up).

And, "[e]ven when a court rules that an expert's testimony is reliable, this does not necessarily mean that contradictory expert testimony is unreliable." *United States v. Hodge*, 933 F.3d 468, 477 (5th Cir. 2019), as revised (Aug. 9, 2019) (cleaned up). And, so, "[w]hen the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony." *ENGlobal*, 2018 WL 1877015, at *8 (cleaned up).

Neither can the Court accept arguments that "urge[] the Court to establish an unattainable goalpost, essentially arguing that each item of expert testimony is unreliable insofar as it fails to conclusively prove [the expert testimony's proponent's] theory of its case or an element of a claim or defense," and thereby "confus[e] admissibility with sufficiency, and sufficiency with certainty." *Holcombe*, 516 F. Supp. 3d at 675 (cleaned up). That "is not the standard for admissibility," or "even the standard for success on the merits," and "[i]t is not the Court's role, in the context of a *Daubert* motion, to judge the conclusions that an expert's analysis generates; the ultimate arbiter of disputes between conflicting opinions is the trier of fact." *Id.*

"If, however, there is simply too great an analytical gap between the [basis for the expert opinion] and the opinion proffered, the court may exclude the testimony as unreliable." *Kim*, 2022 WL 2670393, at *5 (cleaned up). For example, "the Court may exclude [an expert witness's] analysis if the studies that he relies on are so

dissimilar to the facts presented that [the expert witness's] opinions cannot be sufficiently supported by the studies." *Holcombe*, 516 F. Supp. 3d at 675 (cleaned up).

"But the notion that expert testimony is only admissible to the extent that it is based on studies of identical individuals under identical circumstances would not only turn the 'flexible' inquiry envisioned under Rule 702 on its head, but such rigid constructions of reliability and relevance would defeat the very purpose of expert testimony: to help the trier of fact understand and evaluate the evidence." *Id.* at 676-77 (cleaned up). And, generally, an opposing party's "doubts about the bases for [an expert's] opinions do not render his opinions so unsupported as to create 'too great an analytical gap' between the evidence he relies on and his opinions." *Id.* at 675 (cleaned up).

The "evidentiary gates [provided by Rule 702 and *Daubert*] exist to keep out error that may impermissibly affect the jury" and "to protect juries from unreliable and irrelevant expert testimony." *Taxotere (Docetaxel) Prod. Liab. Litig.*, 26 F.4th at 264, 268. But "[t]he court's inquiry is flexible in that [t]he relevance and reliability of expert testimony turns upon its nature and the purpose for which its proponent offers it." *Aircraft Holding*, 2022 WL 3019795, at *6 (cleaned up).

And, "[p]articularly in a jury trial setting, the court's role under Rule 702 is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role – the court's role is limited to ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue so that it is appropriate for the jury's

consideration. Thus, [w]hile the district court must act as a gatekeeper to exclude all irrelevant and unreliable expert testimony, the rejection of expert testimony is the exception rather than the rule." *United States v. Perry*, 35 F.4th 293, 330 (5th Cir. 2022) (cleaned up).

And "[t]he Fifth Circuit has noted that [a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration," and, "[a]ccordingly, [v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Ramos*, 2022 WL 615023, at *3 (cleaned up); *see also DeWolff*, 2024 WL 1396267, at *5-*7.

### Analysis

I. <u>Pooley's second supplement report is his first proper expert designation.</u>

In its reply in support of its motion to strike, BHI adds a new argument: it contends Defendants did not properly designate Pooley until December 5, 2023, when Defendants disclosed Pooley's second supplemental report. *See* Dkt. No. 125 at 1-3. The Court agrees and, in a separate Memorandum Opinion and Order entered today, grants BHI's motion to designate an expert to rebut Pooley's second supplemental expert report and testimony. And BHI contends that this second supplemental report was disclosed well past the August 3, 2023 deadline and suffers from the same flaws as the tentative, first supplemental report that was BHI's focus in the opening motion to strike. *See id.*

A court generally will not consider arguments raised for the first time in a reply brief. *See Cavazos v. JP Morgan Chase Bank, N.A.*, 388 F. App'x 398, 399 (5th Cir. 2010) ("'[a]rguments raised for the first time in a reply brief, even by pro se litigants ... are waived'" (quoting *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005)) (omission in original)); *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 771 (N.D. Tex. 2012) (declining to consider new arguments raised in reply brief); *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, No. 3:06-cv-1576-D, 2008 WL 80760, at *3 n.4 (N.D. Tex. Jan. 8, 2008) (explaining that "this court has repeatedly held that it will not consider arguments raised for the first time in reply"). *See generally Penn. Gen. Ins. Co. v. Story*, No. 3:03-cv-330-G, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003) (quoting *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239-240 (N.D. Tex. 1991) ("The purpose of a reply brief under local rule 7.1(f), 'is to rebut the nonmovant[s'] response, thereby persuading the court that the movant is entitled to the relief requested by the motion.'")).

But the Court will exercise its discretion and consider the new arguments here because Pooley's expert report has been a moving target. Because of the parties' discovery disputes, Pooley has offered no opinions to tentative opinions to complete opinions. And Defendants designated the second supplemental report with Pooley's complete opinions while the motion to strike was pending.

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). The expert witness's

designation must be accompanied by a written report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i); *accord Marquette Transportation Co. Gulf-Inland, L.L.C. v. Navigation Mar. Bulgare JSC*, 87 F.4th 678, 687 (5th Cir. 2023). "Failure to disclose such an opinion precludes the proffering party from using that information 'at a trial, unless the failure was substantially justified or is harmless.'" *Marquette*, 87 F.4th at 687 (quoting FED. R. CIV. P. 37(c)(1)).

The tentative, first supplemental report is not a proper expert report because it is not a "complete" statement of Pooley's opinions. *See* FED. R. CIV. P. 26(a)(2)(B)(i). Were that all that Defendants had produced for Pooley, his reports and testimony would be subject to being stricken.

But Pooley's second supplemental report is complete, and BHI does not challenge it as untimely – at least not beyond noting that his proper designation was first made months after the Court's deadline. And the Court is allowing BHI's rebuttal expert designation as timely for this same reason, and, so, any timing issue with Pooley's designation is waived for failure to properly brief it and, in any event, harmless.

But BHI does challenge Pooley's second supplemental report and his testimony as (1) invading the province of the fact finder, (2) failing to provide support that the methods he utilizes in forming his opinions are reliable, (3) being based on insufficient facts, and (4) failing to provide all materials and facts he considered in forming his opinion. *See* Dkt. No. 125 at 1, 3-6.

The Court now turns to those challenges.

II. <u>Pooley's opinions do not invade the province of the finder of fact.</u>

BHI contends that "Pooley can testify as an expert to the measures one may take to protect trade secrets" but "cannot reach a conclusion as to whether BHI's measures were reasonable" because "[t]his is left for the finder of fact to determine." Dkt. No. 79 at 2; *see also* Dkt. No. 125 at 4. BHI contends that, under Rule 702, "[a]n expert witness's role in a case is to assist the finder of fact to understand the evidence or determine a fact issue" but that "[i]t is not an expert witness's role to apply the facts of a case to the applicable law to reach a legal conclusion," which "is left solely to the finder of fact." Dkt. No. 125 at 3. According to BHI, "Pooley goes beyond assisting the fact finder and attempts to make the fact finder's determination for them of whether BHI took reasonable steps to protect its trade secrets." *Id.* at 4.

The Court cannot agree. BHI explains that "[a] determination of whether or not a party's measures to protect its trade secrets were reasonable to guard its secrecy is a fact question." Dkt. No. 79 at 2. Were it a question of law, BHI might have a winning argument. "[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

But, while "our legal system reserves to the trial judge the role of deciding the law for the benefit of the jury," "experts [can] give their opinions on ultimate issues." *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997).

And the Court finds that Pooley may permissibly do so here to assist the trier

of fact in understanding the evidence or determining a factual issue. *See Proofpoint, Inc. v. Vade Secure, Inc.*, No. 19 Civ. 4238 (MMC), 2021 WL 2588974, at \*2 (N.D. Cal. June 24, 2021) (permitting Pooley to testify as to plaintiffs' failure to demonstrate reasonable efforts to protect trade secrets under similar facts); *see also FMC Techs. v. Murphy*, 679 S.W.3d 788, 801-05 (Tex. App. – Houston [1s Dist.] 2023, pet. filed) (affirming trial court's decision to admit Pooley's expert testimony regarding whether the plaintiff used reasonable measures to protect its alleged trade secrets).

III. <u>Defendants have shown that Pooley's methods are reliable.</u>

BHI asserts that "Defendants have provided no support as to the reliability of the methods which Mr. Pooley utilized in forming his opinions." Dkt. No. 79 at 4. And, according to BHI, Defendant's response to the motion to strike does not "address BHI's argument that Mr. Pooley has failed to provide support that the methods he utilizes in forming his opinions are reliable" and instead offers a "recitation of Mr. Pooley's background," which "does not show that Mr. Pooley's methods have been subjected to peer review or are generally accepted in the expert community." Dkt. No. 125 at 4.

BHI reports that Pooley testified that, "despite having knowledge of other resources in the field, he relies solely on his own materials to form his methodology and opinions." *Id.* According to BHI, Pooley and Defendants have not provided "any support that Mr. Pooley's methodology is supported within the community or has been peer reviewed, and is thus reliable," but rather "have shown nothing more than

Mr. Pooley wholeheartedly agrees with himself." *Id.*

But, as Defendants contend, Pooley has "written the treatise on 'Trade Secrets,' and has published numerous books, articles, and newsletters on the same topic" and "based his opinions on a review of the ample materials disclosed in his reports (including case pleadings, the document productions of both sides, interrogatory responses, deposition transcripts, and interviews), in light of his experience, training, research, scholarship, and actual practice in the field of trade secret protection." Dkt. No. 108-1 at 16 (cleaned up). And, Defendants argue, "BHI does not deny the reliability of the publications Mr. Pooley authored or co-authored that contributed to the lens of expertise through which he viewed the case materials" and "does not cite any authority in support of its dubious notion that an accomplished and widely sought-out expert in the field is not entitled to rely upon his own scholarly or professional publications in rendering an opinion." *Id.* at 16.

BHI instead relies on two of the reliability factors that "are not definitive or exhaustive," where "courts have discretion in determining which factors are most germane in light of the nature of the issue, the particular expertise, and the subject of the expert's testimony." *DeWolff*, 2024 WL 1396267, at *4. But, for expert testimony on topics that lack "the exactness of hard science methodologies," courts should consider factors such as the expert's "professional experience, education, training, and observations." *United States v. Simmons*, 470 F.3d 1115, 1123 (5th Cir. 2006). "Rule 702 does not prohibit an expert from reaching an opinion based on the expert's experience," and "[a] witness's experience, studies and education, combined

with a review of the relevant materials can provide a reliable basis for expert testimony." *J.A. Lanier & Assocs., Inc. v. Robbins Electra Mgmt.*, LLC, No. 4:21-CV-390, 2022 WL 1226966, at *4 (E.D. Tex. April 26, 2022) (citing and quoting *Kumho*, 526 U.S. at 156 ("no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience")); *accord* FED. R. EVID. 702, adv. comm. notes (2000) ("Nothing in this amendment is intended to suggest that experience alone – or experience in conjunction with other knowledge, skill, training or education – may not provide a sufficient foundation for expert testimony.").

Here, even with the additional guidance provided through the 2023 amendments to Rule 702's reliability requirement, the Court finds that Defendants have met their burden to show that Pooley's expert opinion, based on his experience, training, research, scholarship, and actual practice in the field of trade secret protection, reflects a reliable application of the principles and methods that he explains that he applied to the facts of the case. And any challenges can be addressed through vigorous cross-examination presentation of contrary evidence, including any rebuttal expert opinion, rather than exclusion.

IV. <u>Pooley's opinions are based on sufficient facts.</u>

BHI argues Defendants have not shown that Pooley's testimony is based on sufficient facts or data because Pooley has not spoken with any representative of BHI regarding the measures taken by BHI to protect its trade secrets and only interviewed two former BHI employees and, in doing so, did not discuss the actual

measures that BHI is taking to protect its trade secrets. *See* Dkt. No. 79 at 4-5; Dkt. No. 125 at 5.

For the reasons that Defendants persuasively explain, Pooley considered sufficient facts and data through, among other sources, deposition testimony, and these challenges, too, are properly directed to the weight of the evidence rather than its admissibility.

V. <u>Pooley sufficiently disclosed facts and data considered in forming his opinions.</u>

Federal Rule of Civil Procedure 26(a)(2)(B)(ii) also requires an expert report to contain "the facts or data considered by the witness in forming" his opinions. FED. R. CIV. P. 26(a)(2)(B)(ii); *accord Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010) ("Rule 26(a)(2)(B) provides that when experts testify before a court, they must submit a report disclosing 'the data or other information' they have considered in reaching their conclusions." (quoting FED. R. CIV. P. 26(a)(2)(B)(ii)); *Kim v. Nationwide Mut. Ins. Co.*, 614 F. Supp. 3d 475, 484-85 (N.D. Tex. 2022) (finding a report contained "multiple deficiencies" under Rule 26(a)(2)(B)(ii)).

And Federal Rule of Civil Procedure "37(c)(1) provides that a party who fails to disclose the information required by Rule 26(a) 'is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.' The Fifth Circuit applies a four factor test to determine whether the failure to disclose was substantially justified or whether exclusion is appropriate: '(1) the explanation for the failure to identify the [information]; (2) the importance of the [information]; (3)

potential prejudice in allowing the [information]; and (4) the availability of a continuance to cure such prejudice.'" *Estech Sys. IP, LLC v. Carvana LLC*, No. 2:21-CV-00482-JRG-RSP, 2023 WL 2934920, at *4-*5 (E.D. Tex. Apr. 13, 2023) (quoting FED. R. CIV. P. 37(c)(1) and *Majestic Oil, Inc.*, No. 21-20542, 2023 WL 2549892, at *3 (5th Cir. Mar. 17, 2023) (in turn quoting *Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 270 (5th Cir. 2020))).

Pooley's second supplemental report states under "INFORMATION CONSIDERED":

> In addition to the materials identified in Section IV of my original report, I have been given access to the entire set of documents produced by both parties in this lawsuit, BHI's Supplemental Interrogatory Responses, BHI's Objections and Responses to Defendants' Second Set of Requests for Production, and have reviewed the deposition transcripts for Aaron Haygood, Brady McDonald, Jerrod Davis, Welborn "Ross" Glover, Roy Glover, Darrell Hallmark, Shelby Walker, Andew McCallum, Juanita Biasini, Ken Loynes (in his individual and corporate representative capacities), Ronald Davis, Brian Smith, and Dustin Coble. In addition, I have interviewed Darrell Hallmark and Ross Glover, former BHI employees who went on to work for KVP.

Dkt. No. 100-3 at 14. BHI describes these as only "generic statements"; complains that "Pooley's report does not disclose exactly what Mr. Pooley looked at and considered" to enable BHI to know "what exactly he considered in forming his opinions"; and asserts that "BHI cannot know what exactly Mr. Pooley considered without access to his file," including "Pooley's notes of his interviews with Mr. Hallmark and Mr. Glover," which "would be the only evidence of the facts and data that was discussed between Mr. Pooley and the interviewees" and that Pooley

"considered in forming his opinions." Dkt. No. 125 at 5-6.

But BHI complains, at bottom, not of deficiencies in listing the sources on which Pooley relied but in Defendant's failing to product all documents and facts that Pooley considered in forming his expert opinions. But that's a ground for a motion to compel, not a motion to strike an expert's opinion or testimony. And it is a ground that BHI belatedly sought to press in seeking leave to file a late motion to compel. *See* Dkt. No. 102-4 at 9-10. And the Court already denied BHI's request for leave. *See* Dkt. No. 163.

## Conclusion

The Court denies Plaintiff BHI Energy I Power Services LLC's Motion to Strike the Expert Report and Exclude the Testimony of James Pooley [Dkt. No. 78].

SO ORDERED.

DATED: April 24, 2022

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE