IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BHI ENERGY I POWER SERVICES LLC, | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-1981-L-BN |
| KVP HOLDINGS, LLC, KVP ENERGY SERVICES, LLC, POWER STANDARD LLC f/k/a KVP POWER LLC, DUSTIN COBLE, WELLBORN "ROSS" GLOVER, ROY GLOVER, and SHELBY WALKER, | § § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. Dkt. No. 133.

Plaintiff BHI Energy I Power Services LLC has filed a motion for leave to designate a rebuttal expert witness. *See* Dkt. No. 85.

Defendants KVP Energy Services, LLC ("KVP"), KVP Holdings, LLC ("KVP Holdings"), and Power Standard, LLC, formerly known as KV Power, LLC ("Power Standard") (collectively with KVP and KVP Holdings, the "Corporate Defendants") and Dustin Coble, Wellborn "Ross" Glover, Roy Glover, and Shelby Walker (collectively, the "Individual Defendants" and, with the Corporate Defendants,

-1-

"Defendants") filed a response, *see* Dkt. No. 100-1, and BHI filed a reply, *see* Dkt. No. 112.

While the motion for leave was pending, and without obtaining leave of court, BHI designated Roger Milgram as a rebuttal expert witness. *See* Dkt. No. 110.

Defendants then filed a motion to strike the designation, strike Milgram's report, and exclude his testimony. *See* Dkt. No. 138-1. And BHI filed a response, *see* Dkt. No. 160, and Defendants filed a reply, *see* Dkt. No. 171

For the reasons explained below, the Court denies the motion for leave to designate a rebuttal witness as moot and denies the motion to strike the designation of Roger Milgram as a rebuttal witness. *See Jacked Up, L.L.C. v. Sara Lee Corp.*, 807 F. App'x 344, 346 n.2 (5th Cir. 2020) (the admissibility of an expert report is "a non-dispositive matter," which can be ""referred to a magistrate judge to hear and decide"" under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A)).

## Background

Under the Court's initial scheduling order, BHI's deadline to designate expert witnesses was July 5, 2023, and Defendants' deadline was August 3, 2023. *See* Dkt. No. 50 at 3-4 ¶5(a), (b). The deadline to designate rebuttal experts was 15 days after the disclosure made by the other party. *See id.* at 4 ¶5(c). And the deadline to file objections to or motions to strike or exclude expert testimony was October 16, 2023. *See id.* at ¶5(d). The scheduling order also mandates that a motion for extension of any deadline set in the order must be made prior to its expiration. *See id.* at 9 ¶14. On September 27, 2023, the Court entered an amended scheduling order, which did

not affect the expert-designation deadlines but did require the parties to file "objections to, or motions to strike or exclude, expert testimony no later than November 16, 2023." Dkt. No. 66 at 4 ¶5.

On August 3, 2023, Defendants designated James Pooley as an expert witness to offer opinions concerning whether BHI took reasonable measures to protect its alleged trade secrets. *See* Dkt. No. 57. Pooley's initial report did not include any opinions:

> I understand from counsel for Defendants that discovery is still ongoing and, to date, BHI has not identified the purported trade secrets that it alleges were misappropriated by any Defendant(s), nor has it provided any documents or information sufficient to allow me to assess whether BHI has implemented reasonable measures to protect its trade secrets. As a result, I have not yet been able to reach any opinions in this matter.

Dkt. No. 161-1 at 3.

Pooley supplemented his report on September 18, 2023 and explained:

> I understand from counsel for Defendants that discovery is still ongoing and, to date, BHI has not identified with particularity the purported trade secrets that it alleges were misappropriated by any Defendant(s), and it has provided some limited discovery comprising information relevant to my assessment of whether BHI has implemented reasonable measures to protect those alleged trade secrets. As a result, I have been able to form reliable, but tentative, opinions regarding that issue.

Dkt. No. 80-1 at 2; Dkt. No. 161-2 at 2 (same).

Although discovery closed on November 2, 2023, the parties stipulated to extend the deposition deadline beyond the close of discovery.

Pooley was deposed on November 13, 2023. *See* Dkt. No. 87-2.

BHI filed the motion for leave to designate a rebuttal witness on November

22, 2023. *See* Dkt. No. 85. BHI sought leave to designate Roger Milgrim, or a suitable replacement if Milgrim was unavailable, as its rebuttal expert witness.

On December 5, 2023, Pooley supplemented his report a second time. *See* Dkt. No. 100-3 at 10-23; Dkt. No. 161-3 (same). Specifically, he supplemented his report to incorporate additional information not available until after his first supplemental report, including the transcripts of nineteen depositions, BHI's supplemental interrogatory responses, and supplemental document production. *See* Dkt. No. 100-3 at 25-42 (redline comparing first and second supplemental reports). "As a result," Pooley stated, "I have been able to form reliable opinions regarding the issues in this report." Dkt. No. 161-3 at 2.

> In its reply to Defendants' response to the motion for leave, BHI stated:
>
> Since BHI filed its Motion for Leave, Defendants served BHI with the Second Supplemental Expert Report of James Pooley on December 5, 2023. Under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, disclosure of an expert witness "must be accompanied by a written report—prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). BHI views Defendants' service of the Second Supplemental Expert Report of James Pooley as Defendants' disclosure of Mr. Pooley as their expert witness. Accordingly, BHI has filed its Designation of Rebuttal Expert (Doc. 110), designating Roger Milgrim, within the 15-day period set forth at paragraph 6.c. of the Scheduling Order entered in this matter on January 24, 2023. (Doc. 50) BHI has also served on Defendants the Expert Report of Roger Milgrim, pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

Dkt. No. 112 at 1.

On December 20, 2023, 15 days after Pooley's second supplemental report, BHI designated Roger Milgram as a rebuttal expert. *See* Dkt. No. 110. The designation included Milgram's expert report.

Defendants filed a motion to strike the expert designation and report and exclude the testimony of Roger Milgrim. *See* Dkt. No. 138-1. Defendants contend that BHI's designation of Milgrim as a rebuttal expert is untimely.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). The expert witness's designation must be accompanied by a written report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i).

Defendants designated James Pooley as an expert witness. Pooley's initial report did not contain any opinions.

In his first supplemental report, Pooley offered what he characterizes as "tentative" opinions based on limited discovery.

In his second supplemental report, Pooley for the first time offered complete opinions. Thus, for the first time, BHI knew what it must rebut. And BHI designated its rebuttal witness within 15 days of the proper designation with complete report, as required by the scheduling order. *See* Dkt. No. 50 at 4 ¶5(c).

And, so, BHI's designation of rebuttal witness Roger Milgram was timely.

## Conclusion

The Court denies as moot Plaintiff's Motion for Leave to Designate Rebuttal Witness [Dkt. No. 85] and denies Defendants' Motion to Strike the Expert

Designation and Report, and Exclude the Testimony, of Roger Milgrim [Dkt. No. 138].

SO ORDERED.

DATED: April 24, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE