IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BHI ENERGY I POWER SERVICES, LLC,** § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **KVP ENERGY SERVICES, LLC,** *et al.*, § <br> § <br> Defendants. § | Civil Action No. **3:22-CV-1981-L-BN** |

## ORDER

On April 24, 2024, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report" or "FCR") (Doc. 180) was entered, recommending that this court grant Defendants' Motion for Summary Judgment ("Motion" or "Summary Judgment Motion") (Doc. 97) and dismiss with prejudice all claims[1] asserted by Plaintiff BHI Energy I Power Services, LLC ("Plaintiff" or "BHI") against Defendants KVP Energy Services, LLC; Power Standard, LLC, formerly known as KV Power LLC; KVP Holdings, LLC; Dustin Coble; Welborn "Ross" Glover; Roy Glover; and Shelby Walker (collectively, "Defendants"). On May 8, 2024, Plaintiff filed objections (Doc. 186-2) to the Report, to which Defendants responded, and Plaintiff replied. Instead of attaching its reply brief to a motion for leave to file objections to the Report as required by the court's Order of Reference (Doc. 133), Plaintiff attached the reply brief to an unopposed request to file its reply under seal. Defendants filed their "Motion to Strike Plaintiff's Reply in Support of Objections to Magistrate Judge's Findings, Conclusions, and Recommendation, Dkt.

---

[1] Plaintiff asserts claims against Defendants for: breach of fiduciary duty and breach of duty of loyalty and participation in the breaches of such duties; tortious interference with a contract; conspiracy to tortiously interfere with a contract; tortious interference with employment obligations; conspiracy to tortiously interfere with employee relations; misappropriation of trade secrets and unfair competition; conspiracy to misappropriate trade secrets; conversion; and unauthorized use of a protected computer in violation of the Computer Fraud and Abuse Act of 1986 ("CFAA").

**Order – Page 1**

No. 180" ("Motion to Strike") (Doc. 193) on June 6, 2024, arguing that Plaintiff failed to seek and obtain leave of court to file a reply brief in connection with its objections to the Report as required by the Order of Reference.

For the reasons that follow, the court **accepts** the Report (180); **grants** Defendants' Motion to Strike (Doc. 193); **strikes** Plaintiffs' reply (Docs. 192-1); **overrules** Plaintiff's objections to the Report (Doc. 186-2); **grants** Defendants' Motion for Summary Judgment (Doc. 97); and **dismisses with prejudice** all claims by Plaintiff against Defendants based on its determination that Plaintiff's evidence is insufficient to raise a genuine dispute of material fact regarding the damages element for each of its claims.

## I.   Magistrate Judge's Report (Doc. 180)

As indicated, the Report on Defendants' Summary Judgment Motion recommends that the undersigned grant Defendants' Motion (Doc. 97) and dismiss with prejudice all claims asserted by Plaintiff in this action against Defendants. These claims lodged against the various Defendants are as follows:

- all Defendants for tortious interference with BHI's contract with Oncor;
- the Individual Defendants for tortious interference with their employment obligations to BHI;
- the Individual Defendants for tortious interference with Benjamin Campbell's and Darrell Hallmark's employment obligations to BHI;
- all Defendants for misappropriation of trade secrets under the Federal Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act;
- the Individual Defendants for unauthorized use of a protected computer in violation of the Computer Fraud and Abuse Act of 1986;
- the Corporate Defendants for participation in breach of fiduciary duty and duty of loyalty;
- the Individual Defendants for breach of fiduciary duty and duty of loyalty;
- all Defendants for unfair competition;
- all Defendants for conspiracy to tortiously interfere with BHI's employment relationships;
- all Defendants for conspiracy to misappropriate BHI's trade secrets; and
- all Defendants for conversion.

Report 5-6.

The Report notes that Defendants moved for summary judgment on all of Plaintiff's claims because: (1) BHI's evidence of alleged damages is too speculative to be submitted to the jury, and it failed to previously disclose any theory or methodology for calculating its alleged damages; and (2) Plaintiff's claims fail for alternative reasons. The Report concludes that Defendants are entitled to summary judgment on the first ground as to all of Plaintiff's claims. The Report also states that, if the court grants Defendants' Summary Judgment Motion on this first ground, there is no need for it to consider Defendants' alternative grounds for dismissal, which do not dispose of all of Plaintiff's claims. As the court determines that Defendants' damages argument is a dispositive issue as far as Defendants' Summary Judgment Motion and all of Plaintiff's claims, its analysis focuses on this ground, and it need not address the alternative grounds urged by Defendants.

### A. Plaintiff's Failure to Comply with Local Civil Rules for Summary Judgment Practice

As a preliminary matter, the magistrate judge notes that Plaintiff filed two summary judgment responses totaling sixty five pages—one response (Doc. 121) to Defendants' Summary Judgment Motion and another response (Doc. 117) that addresses only the statement of facts included in Defendants' Summary Judgment Motion.[2] Instead of granting the request in Defendants' reply brief to strike the separate summary judgment response (Doc. 117), the magistrate judge recommends that the court decline to consider this response in ruling on Defendants' Summary Judgment Motion. As justification, the magistrate judge agrees with Defendants that the combined number of pages for both response briefs exceeds the fifty-page limitation in this district's Local Civil Rules ("Local Rule(s)") for summary judgment briefs, and

---

[2] To add to the confusion, Document No. 117 appears to be identical to another summary judgment response filed by Plaintiff earlier that same day. *See* Doc. 114.

**Order – Page 3**

Plaintiff did not seek leave to file a brief in excess of fifty pages or explain why it needed more than fifty pages to respond to the Summary Judgment Motion. The magistrate also noted Plaintiff's prior failures to comply with applicable rules:

> This is not the first time BHI has failed to comply with the Federal Rules or Local Civil Rules. *See* Dkt. No. 48 at 7-8; *see also* 94-2 at 8-10, 111-1 at 1-4. And the [c]ourt has admonished BHI that "Plaintiff's continued failure to comply with applicable rules of procedure, whether local or federal, will result in the noncompliant filing being *sua sponte* stricken or other sanctions against BHI, its counsel, or both, as the court deems appropriate." Dkt. No. 48 at 17.

Report 3.

Plaintiff's noncompliance with applicable federal and local procedural rules has been a recurring theme throughout this litigation that has unnecessarily increased motion practice, complicated and delayed the resolution of pending motions, and consumed scarce judicial resources. The court realizes that some of the attorneys representing Plaintiff are not located in the Northern District of Texas, but this does not excuse their or their law firms' noncompliance with applicable procedural rules that are in place to facilitate the expeditious resolution of motions and litigation.

In addition to exceeding the page limitation without leave of court, Plaintiff filed two summary judgment response briefs, even though Local Rules 56.2 and 56.5 only contemplate and provide for the filing of a single summary judgment motion, a single response, and a single brief in support of each. As before, Plaintiff contends that its failure this time to comply with applicable Local Rules was inadvertent. In this regard, Plaintiff asserts that its decision to file two summary judgment response briefs was an "innocent oversight" on its part because many of the federal courts in which its counsel regularly practices require a nonmovant to file a separate response to the movant's statement of material facts. Doc. 186-2 at 24.

A single failure to comply with Local Rules qualifies as an inadvertent oversight. Plaintiff's repeated instances of noncompliance, on the other hand, including instances of disregarding the same rules on more than one occasion, border on flagrant disregard of the Local Rules and the court's January 17, 2023 warning regarding the consequences of Plaintiff's continued noncompliance with applicable rules.

In any event, the court will not belabor this point further because Plaintiff also states in its objections that it does object to this recommendation by the magistrate judge. *See id.* Accordingly, for the reasons stated by the undersigned and those stated by the magistrate judge, the court does not consider and **disregards** Plaintiff's response (Docs. 114, 117) to Defendants' statement of facts in ruling on Defendants' Summary Judgment Motion. To avoid any confusion moving forward in the event of an appeal, the court also determines that Plaintiff's response (Docs. 114, 117) should be and is hereby **stricken**.

> **B.** **Plaintiff's Speculative Evidence of Damages**

Regarding Plaintiff's damages, the Report sets forth the relevant law and notes that damages are an element of each of BHI's claims. The Report notes that Texas and federal law both require plaintiffs to demonstrate non-speculative damages to pursue a claim. In addition, the Report notes that Texas law requires that neither the fact nor the amount of damages can be speculative; rather, both must be proved with "reasonable certainty," and failure to prove both bars recovery. Report 12 (quoting *Roehrs v. Conesys, Inc.*, 332 F. App'x 184, 186 (5th Cir. 2009) (quoting *Burkhart Grob Luft Und Raumfahrt GmbH & Co. KG v. E-Sys., Inc.*, 257 F.3d 461, 467 (5th Cir. 2001) (citing to *Texas Instruments, Inc. v. Teletron Energy Mgmt., Inc.*, 877 S.W.2d 276, 279-80 (Tex. 1994)).

The magistrate judge determined that Plaintiff's summary judgment response incorrectly focuses on its damages allegations as opposed to evidence, and in doing so it conflates the legal standards for motions to dismiss and motions for summary judgment. Regarding Plaintiff's assertion that—"[t]he amount of BHI's damages can be established with reasonable certainty based on Defendants' unlawful gain as one measure, and BHI's historical revenue from its Oncor projects as another measure"—the magistrate judge agreed with Defendants that Plaintiff's alleged damages are too speculative because it did not disclose any theory or proposed methodology for calculating its damages as required Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

The magistrate judge found that Plaintiff failed to disclose the computation for each category of its damages as required by Rule 26(a)(1)(A)(iii); that Plaintiff similarly failed to provide this information in response to Defendants' interrogatory request regarding damages; and Plaintiff never supplemented its disclosures or interrogatory responses with this information. On January 11, 2024, the magistrate judge, therefore, granted Defendants' Motion to Compel (Doc. 74), which was filed on November 9, 2023, and compelled BHI to provide this information to Defendants by January 22, 2024. The Report notes that it is not clear from the parties' summary judgment evidence whether BHI ever complied with this directive. According to the Report, Defendants contend that BHI did not comply with the magistrate judge's order, and BHI does not point to any summary judgment evidence indicating that it did comply with the order. The Report further notes that BHI withdrew its damages expert designation on November 27, 2023.

The Report goes on to summarize Plaintiff's summary judgment evidence of damages and explains why this evidence and Plaintiff's reliance on a new disgorgement theory are insufficient to raise a genuine dispute of material fact regarding damages:

> BHI's damages evidence seems to consist of deposition testimony and a smattering of documents concerning the rates that BHI charged Oncor for completed projects and the excluded Oncor Spreadsheet.
>
> As Defendants correctly note, the documents concerning the rates that BHI charges Oncor "do not alone provide any guidance whatsoever to the amount of BHI's purported damages." Dkt. No. 132-2 at 4.
>
> And the deposition testimony that BHI hangs its damages theory on is that, before employees left BHI to join KVP, BHI had 12 five-man crews and each crew brought in $1.2 million in revenue yearly but, afterward, BHI was reduced to 3 five-man crews and lost work opportunities as a result. According to BHI, "BHI's damages may be likened to this classic arithmetic sequence: If Johnny, or in this case BHI, has 12 apples, and Mary, or the Defendants in this case, unlawfully take 9 of Johnny's apples, BHI is owed nine apples, and a trier of fact may award BHI the reasonable value of the apples." Dkt. No. 126 at 15.
>
> But BHI must show how it determined what the reasonable value of the apples is, and it fails to meet its summary judgment burden to come forward with objective evidence supporting its damages claims.
>
> Without it, BHI's damages allegations are too speculative to submit to a jury. And BHI's response pointing, for the first time, to a possible disgorgement remedy fails to meet its burden for all the reasons that Defendants persuasively explain in reply. *See* Dkt. No. 132-2 at 3-4.
>
> BHI also seeks damages for equipment that it alleges was not returned when the employees left BHI to join KVP. But it fails to properly identify the tooling and equipment that was allegedly not returned by the Individual Defendants or to provide evidence of the fair market value of that property on the date it was allegedly taken.

Report 14-15.

## II.   Discussion

Before addressing the parties' responses to the Report, the court considers Defendants' Motion to Strike Plaintiff's reply in support of its objections to the Report and **grants** the Motion to Strike for the reasons that follow.

**A. Defendants' Motion to Strike (Doc. 193) Plaintiff's Reply in Support of Objections to the Report (Doc. 192-1) Is Granted.**

As noted, after Plaintiff filed a reply brief in support of its objections to the Report, Defendants moved to strike Plaintiff's reply, arguing that Plaintiff failed to seek and obtain leave of court as required by the Order of Reference (Doc. 133) before filing a reply brief in connection with its objections to the Report.

The order referring this case to the magistrate judge for pretrial management (Doc. 133) states as follows regarding the filing of replies in support of objections to any orders or findings and conclusions entered by the magistrate judge:

> Local Civil Rules 72.1 and 72.2 provide that, unless otherwise directed by the presiding district judge, a party who files objections under Federal Rules of Civil Procedure 72(a) and (b)(2) to magistrate judge orders regarding pretrial nondispositive matters, or findings and recommendations on dispositive motions, may file a reply brief within 14 days from the date the response to the objections or response brief is filed. The court does not allow parties to file a reply brief with respect to magistrate judge orders or findings and recommendations, unless leave is granted to file the reply brief. The court will strike or disregard any reply brief filed in violation of this order.

Doc. 133.

BHI contends that Defendants' Motion to Strike is unnecessary because it did seek leave to file its reply brief even though it only did so for purposes of seeking leave to file its reply brief under seal:

> Defendants[] incorrectly state that BHI has failed to request leave before filing its reply brief. Dkt. No. 193-1 at 1. BHI has not filed its reply brief with the [c]ourt. Instead, BHI has filed a Motion for Leave to File Under Seal its Reply in Support of Its Objections to the Sealed Findings, Conclusions, and Recommendation of the United States Magistrate Judge on Defendants' Motion for Summary Judgment, Dkt. No. 180. Dkt. No. 191. This means that BHI's reply brief is not before the [c]ourt, but its Motion for Leave to File. [sic] The [c]ourt has . . . discretion to deny BHI's Motion for Leave to File.
>
> . . . Further, as pointed out to Defendants, Defendants' Motion to Strike is unnecessary and a waste of the [c]ourt's and the parties' resources. In addition to

>     the fact that BHI has sought leave to file its reply brief, the referring Order clearly states that, "The court will strike or disregard any reply brief filed in violation of this order." Dkt. No. 133 at 1. If the[] [c]ourt felt that BHI's reply brief was filed without first seeking leave, the [c]ourt would, *sua sponte*, strike or disregard the reply. Therefore, there was no need for Defendants[] to file a Motion to Strike, which now requires BHI to respond, and, if they choose so, Defendants to reply, and the [c]ourt to have to consider[].

Pl.'s Resp. 2 (Doc. 195). Plaintiff, therefore, contends that the Motion to Strike should be denied.

The court would have stricken or disregarded Plaintiff's reply brief in the absence of leave sought by it and a motion to strike by Defendants. This does not mean, though, that Defendants' Motion to Strike was unwarranted. Moreover, Defendants correctly note, and Plaintiff appears to acknowledge, that it did not actually seek leave to file a reply in support of its objections. Plaintiff instead only sought leave to file its reply brief under seal, which is not the same and does not satisfy the court's requirement that leave be sought to file a reply in support of objections.

That the reply was filed as an exhibit to Plaintiff's Motion for Leave to File Under Seal its Reply in Support of Its Objections and not as a separate stand-alone document does not fundamentally alter the situation presented or excuse Plaintiff's failure to seek leave to file the reply in connection with its objections. According to Plaintiff's Motion for Leave to File Under Seal (Doc. 191), the parties conferred and Defendants did not oppose Plaintiff's request to file its reply under seal. While Plaintiff's argument is creative, it is disingenuous at best for it to now suggest that its unopposed request to seal its reply brief was intended all along to also serve as a request for leave in accordance with the court's Order of Reference, even though no mention to this order or requirement was made in the motion to seal. Even if this was Plaintiff's intention, Plaintiff does not argue and there is no indication in its Motion for Leave to File Under Seal that this was brought to Defendants' attention when the parties conferred regarding the motion as required by the Local Rules.

**Order – Page 9**

Moreover, in responding to Defendants' Motion to Strike, Plaintiff does not attempt to justify its failure to seek leave; nor does it explain the need for or importance of filing the reply in support of its objections. The court has also previously warned Plaintiff that its continued failure to adhere to the court's orders and Local Rules would result in the noncompliant filing being stricken or the imposition of other sanctions against BHI, its counsel, or both, as the court deems appropriate. Accordingly, for all these reasons, the court **grants** Defendants' Motion to Strike (Doc. 193) to the extent that it **disregards** the reply brief (Doc. 192-1) attached to Plaintiff's Motion (Doc. 192) and Brief in Support of its Unopposed Motion for Leave to File Under Seal its Reply in Support of Objections in ruling on Defendants' Summary Judgment Motion and Plaintiff's objections to the Report.[3]

### B.  Plaintiff's Objections (Doc. 186-2) to the Report Are Overruled.

Plaintiff objects to the magistrate judge's determination that its damages are too speculative to submit to a jury. In this regard, it contends that it has: (1) come forward with objective evidence supporting its damages for each claim; (2) disclosed its methodology for calculating its damages to Defendants; and (3) properly identified the stolen tools and equipment, and the related costs.[4] In support of its objections and second argument, Plaintiff relies on evidence not previously submitted to the magistrate judge in connection with Defendants' Summary Judgment Motion. Plaintiff notes that district courts have discretion whether to consider new evidence submitted in support of objections to a magistrate's findings and conclusions. Pl.'s Obj. 5 (Doc. 186-2) (citing *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003); and *Walker v. Savers*, 583 F. App'x 474, 475 (5th Cir. 2014) (per curiam)).

---

[3] This motion for leave to seal and other motions for leave to seal filed by the parties were ruled on by separate order.
[4] Plaintiff did not object to the magistrate judge' rejection of its disgorgement theory of damages. Any such objection is, therefore, **waived**.

**Order – Page 10**

Based on the factors in *Performance Autoplex II*, Plaintiff impliedly argues that the court should consider the "new evidence" because: (1) the evidence is "highly important" to its claims; (2) the evidence did not exist at the time its response to the Summary Judgment Motion was due, so it did not have the opportunity to direct the magistrate judge to the evidence in responding to Defendants' Summary Judgment Motion; and (3) Defendants will not be unfairly prejudiced because the evidence was sought by Defendants and produced by Plaintiff and was premised in part on Defendants' own testimony. Specifically, Plaintiff argues as follows regarding the "new evidence":

> 12. BHI . . . objects to the Magistrate Judge's finding that BHI failed to disclose its methodology for calculating its damages to Defendants. Dkt. No. 180 at 13-14. BHI provided its methodology for calculating its damages to Defendants in BHI's Second Supplemental Objections and Responses to Defendants' First Set of Interrogatories Directed to Plaintiff, ***served after BHI's Response and Defendants' Reply [to Defendants' Summary Judgment Motion] were filed.***
>
> . . . .
>
> 14. In making his recommendation, the Magistrate Judge points out that, in BHI's initial Rule 26(a) disclosures, and subsequent supplements, BHI states that "Plaintiff's damages are not yet calculable. When appropriate, Plaintiff will seek relief in the form of its damages, costs, disbursements, and attorneys' fees." Dkt. No. 180 at 13. The Magistrate Judge also cites BHI's response to Defendants' Interrogatories regarding BHI's damages. *Id.* at 13-14. However, as the Magistrate Judge points out, BHI was compelled to supplement its response to Defendants' First Set of Interrogatories Directed to Plaintiff. *Id.* Under the Magistrate Judge's Order on Defendants' Motion to Compel Interrogatory Responses and Production of Documents, BHI was required to supplement its responses by January 22, 2024. Dkt. No. 129 [] ¶ 10. On January 22, 2024, BHI served its Second Supplemental Objections and Responses to Defendants' First Set of Interrogatories Directed to Plaintiff. [APP0001-0048]. Review of BHI's response to Defendants' Interrogatory 16, shows that, in its Second Supplemental Response, BHI provides a detailed calculation of its damages, complete with citations to specific deposition testimony and bates stamped documents. *Id.* at [APP0039-0040]. The Magistrate Judge states that he was not directed to any summary judgment evidence indicating that BHI had supplemented its response. Dkt. No. 180 at 14. This is because BHI's supplemental responses were not due until after briefing on Defendants' Motion for Summary Judgment had closed. Dkt. No. 132 (Defendants' Reply brief was filed on January 11, 2024, eleven days before BHI was required to supplement its

> response). As this [c]ourt has stated, "Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." Dkt. No. 66 at 3, ¶ 4. BHI had no opportunity to point the Magistrate Judge to its Second Supplemental Objections and Responses to Defendants' First Set of Interrogatories Directed to Plaintiff where BHI provided KV with its calculation of its damages.
>
> 15. Evidence that BHI has, in fact, provided Defendants with a methodology of its calculations of its damages is highly important to BHI's case. The Magistrate Judge has recommended that this [c]ourt grant Defendants' Motion for Summary Judgment as to all of BHI's claims because BHI's damages are too speculative. Dkt. No. 180 at 11 and 29. Review of BHI's response to Defendants' Interrogatory 16 shows that BHI's damages are not too speculative to be submitted to a jury, but are based on a fairly definite standard and supported by evidence in the record. [APP0039-0040]. As shown above, BHI did not have the opportunity to direct the Magistrate Judge to this evidence, as it did not exist at the time BHI's Response was due. Further, Defendants are not unfairly prejudiced by this evidence, as this is evidence that the Defendants sought from BHI and BHI produced, as well as being taken from Defendants' own testimony.

Pl.'s Obj. (Doc. 186-2) 5-7 (emphasis added).

Defendants counter that the speculative and conflicting evidence and testimony relied on by Plaintiff to calculate its damages consists of an off-the-cuff, ballpark, rough estimate of its damages that amounts to no more than unsupported conjecture, which is insufficient to cure the speculative nature of its damages as determined by the magistrate judge. In addition, Defendants contend that BHI acknowledges that "[t]he proper measure of damages for conversion is generally the fair market value of the converted material on the date that it was converted," but its *ipse dixit* list regarding the alleged cost of tools allegedly converted by Defendants provides no evidence of the tools' fair market value. Defs.' Resp. 9. Defendants further contend that BHI has not come forward with any other evidence of purported damages; its assertion regarding the allegedly "new evidence" of damages that did not exist before is "nonsense"; and, in any event, Plaintiff does not explain why this purported "new evidence" supports its damages estimation:

> Other than BHI's back-of-the-envelope guesstimate that it lost $1.2M in revenue per year per crew and its "evidence" of conversion damages consisting

Order – Page 12

exclusively of a one-page document that was properly excluded [by the magistrate judge] as inadmissible hearsay . . . , BHI does not object that the Magistrate Judge erred in recommending summary judgment on all claims with respect to any other type of damages or other relief [in the form of disgorgement]. BHI does, however, seek to introduce into the summary judgment record new evidence for the first time with its Objections in the form of a second supplemental response to an interrogatory served on [Defendants on] January 11, 2023, requesting that BHI describe in detail its calculation of alleged damages. BHI asserts that it could not have included this evidence on summary judgment because it did not "exist" until after Defendants filed their summary judgment reply brief. That's nonsense, of course. It was BHI's obligation to disclose its damages by November 11, 2022, when its Rule 26(a) Initial Disclosures were due; or alternatively, by February 10, 2023, when its response to Interrogatory No. 16 was due; or at the very latest, by November 2, 2023, when discovery closed. The [c]ourt should not reward BHI for its failure to comply with its discovery obligations by considering evidence that BHI failed to provide until compelled to do so by court order after the completion of summary judgment briefing.

BHI's Objections claim that BHI's second supplemental response to Interrogatory No. 16 includes "citations to specific deposition testimony and bates stamped documents." ECF No. 186-2, at 6. But in reality, the only document cited in BHI's second supplemental response is BHI_KV POWER 008947, which BHI describes as its "calculation of Oncor losses estimated from July 10, 2022, through October 1, 2022 (the "Oncor Spreadsheet"). The Magistrate Judge properly struck the Oncor Spreadsheet from the summary judgment record on the dual grounds that it was untimely produced and that it consisted of inadmissible hearsay. ECF No. 181, at 9, 10. BHI did not object to the exclusion of the Oncor Spreadsheet in its objections to the Magistrate Judge's order granting Defendants' Motion to Strike, ECF No. 188-2. Because BHI has waived any objections to the Magistrate Judge's order striking the Oncor Spreadsheet, and because the Magistrate Judge's order striking the document was well founded, this [c]ourt should not consider the Oncor Spreadsheet as evidence of BHI's alleged damages or the late-served supplemental interrogatory response that relies upon it.

Even worse, BHI merely attaches its belated supplemental interrogatory response to its Objections, without any explanation as to how its answer to No. 16 supports its alleged damages. BHI thus leaves it to this [c]ourt to divine what BHI's damages might be from its vague interrogatory response and deposition transcript excerpts cited therein (many of which are not even before the [c]ourt as part of the summary judgment record). But "it is not incumbent upon the court to scour the record for evidentiary support." *Holmes v. N. Tex. Health Care Laundry Coop. Assoc.*, 304 F. Supp. 3d 525, 540, 544 (N.D. Tex. 2018) (Lindsay, J.). In short, BHI's inclusion of its late-served interrogatory responses with its Objections does nothing to undermine the Magistrate Judge's finding that there is no factual basis on which a jury could reasonably calculate BHI's purported damages, even assuming that BHI could otherwise prevail on any of its baseless causes of action.

Order – Page 13

Defs.' Resp. 10-11 (footnote omitted). Defendants, therefore, request that the court accept the magistrate judge's recommendation and dismiss all of Plaintiff's claims for failure to come forward with sufficient evidence of damages.

In *Walker*, the Fifth Circuit noted that, when a party supports its objections with new evidence that was not previously presented to the magistrate judge, "the district court has discretion as to whether to consider it." *Walker*, 583 F. App'x at 475 (quoting 29 U.S.C. § 636(b)(1) for the conclusion that "[t]he judge *may* . . . receive further evidence[.]" (emphasis added by *Walker*); and citing Fed. R. Civ. P. 72(b) (similar)). In addition, *Walker* explained: "That the discretion exercised should be exercised in view of the factors set out by our decision in *Performance Autoplex II*." *Walker*, 583 F. App'x at 475 (citing *Performance Autoplex II Ltd.*, 322 F.3d at 862). These factors include:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Id.* (citing *Freeman v. County of Bexar*, 142 F.3d 848, 853 (5th Cir. 1998)).

Based on its consideration of these factors, the Fifth Circuit in *Performance Autoplex II* determined that the district did not abuse its discretion in denying Performance's motion to supplement the record after the magistrate judge recommended granting the defendant's summary judgment motion. In reaching this conclusion, the court in *Performance Autoplex II* also restated its prior reasoning in *Freeman*:

> [I]t is clear that the district court has wide discretion to consider and reconsider the magistrate judge's recommendation. In the course of performing its open-ended review, the district court need not reject newly-proffered evidence simply because it was not presented to the

> magistrate judge. Litigants may not, however, use the magistrate judge as a mere sounding-board for the sufficiency of the evidence.

*Performance Autoplex II Ltd.*, 322 F.3d at 862 (quoting *Freeman*, 142 F.3d at 852).

Based on the foregoing, the court recognizes that it has "wide discretion" to consider evidence not presented to the magistrate judge. It declines, however, to exercise that discretion in this situation to consider Plaintiff's purported "new evidence" because application of the factors in *Performance Autoplex II* to the facts in this case does not justify consideration of the evidence. This is a classic case in which BHI inappropriately opted to use the magistrate judge as a "mere-sounding board for the sufficiency of the evidence." *Freeman*, 142 F.3d at 852. This is not the first time Plaintiff has delayed in coming forward with evidence in briefing the motions filed in this case. *See* Doc. 48 at 12 (striking 337-page appendix containing new evidence of damages that was submitted for first time in support of BHI's reply brief in an effort to cure deficiencies identified in its motion for preliminary injunction).

Even before reviewing Defendants' response to Plaintiff's objections, the undersigned came to the same conclusion as Defendants—that it would be patently unfair to Defendants, after extensive briefing on their summary judgment was complete, to consider the "new evidence" relied on by Plaintiff and produced by it after the magistrate judge issued his Report. It would be unfair because Plaintiff unnecessarily created the situation that it now contends supports consideration of its "new evidence." Additionally, doing so would reward Plaintiff for its repeated, unexplained failures throughout this litigation and lengthy two-year delay in complying with discovery obligations to provide information regarding its damages calculation until being compelled by the magistrate judge. *See* Doc. 181 at 8 (magistrate judge's determination that "BHI's Rule 26(a)(A)(iii) deadline to disclose its damages computation was November 2, 2022. BHI withdrew

its designation of its damages expert, and it has not responded to an interrogatory requesting a detailed description of BHI's alleged damages.").

If the evidence that Plaintiff now seeks to rely on did not exist when Defendants moved for summary judgment, the solution would have been for Plaintiff to move pursuant to Federal Rule of Civil Procedure 56(d) for a continuance to conduct additional discovery to obtain needed evidence to respond to Defendants' Motion. The evidence at issue, however, was in Plaintiff's possession, so this was not a situation in which Plaintiff needed additional time to conduct discovery before responding to Defendants' Summary Judgment Motion. Instead, it was simply a matter of Plaintiff producing what it was previously required to but failed to produce during the discovery phase. That Plaintiff elected to take a "wait and see" approach in delaying its production of this information until after being compelled to do so does not convert the information upon which it now relies into newly discovered evidence or evidence that did not exist before Defendants moved for summary judgment. Plaintiff's assertion to the contrary is implausible and not supported by the record in this case.

Moreover, Plaintiff has yet to provide an adequate explanation for repeatedly failing to timely comply with its discovery obligations. The parties dispute whether this evidence is important. Even assuming as Plaintiff contends that the evidence is important because it supports its argument regarding damages, consideration of *Performance Autoplex II*'s other three factors weighs heavily against the court receiving Plaintiff's "new evidence" under the circumstances in ruling on Defendants' Summary Judgment Motion and Plaintiff's objections to the Report. Consideration of this "new evidence" would also reward Plaintiff for its dilatory conduct, which the court will not do. Accordingly, the court **declines** to consider the "new evidence" submitted

by Plaintiff for the first time in connection with its objections to the Report and **disregards** this evidence.

Further, after carefully reviewing Plaintiff's other evidence—the evidence not stricken by the magistrate judge as inadmissible hearsay or as a result of Plaintiff's failure to comply with its discovery obligations, *see* Doc. 181—the court agrees with and finds no error in the magistrate judge's assessment regarding the inadequacy and speculative nature of Plaintiff's damages. As the Report correctly notes, Plaintiff conflates the legal standards for motions to dismiss and motions for summary judgment. Plaintiff's reliance on motion to dismiss cases in responding to Defendants' Summary Judgment Motion is also misplaced, and these and the other cases cited by Plaintiff do not support denial of Defendants' Motion. *See* Defs.' Reply 2 (Doc. 132-2). Additionally, Plaintiff's assertions regarding damages based on lost profits and equipment are simply not supported by the evidence that it cites and on which it relies. Plaintiff has, therefore, failed to raise a genuine dispute of material fact regarding its damages as required for each of its claims because, even viewing all facts and inferences in the light most favorable to BHI and resolving all disputed facts in its favor,[5] the court determines that the record as a whole would not lead a rational trier of fact to find for it.[6]

Accordingly, the court **overrules** Plaintiff's objections to the Report. As the court's ruling on Plaintiff's objections regarding damages is dispositive of Defendants' Summary Judgment Motion and all claims asserted by it, the undersigned need not address Plaintiff's objections regarding the magistrate judge's alternative findings and conclusions.

---

[5] *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

[6] *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986) (citation omitted).

### III. Conclusion

For the reasons explained, the court **grants** Defendants' Motion to Strike (Doc. 193) to the extent it **disregards** Plaintiff's "Reply in Support of its Objections" (Docs. 192-1) to the Report. The court also **disregards** the "new evidence" submitted by Plaintiff for the first time in objecting to the Report. Further, having considered Defendants' Summary Judgment Motion, the parties' briefs and evidence, the Report, and record in this case, and having conducted a de novo review of that portion of the Report to which objection was made by Plaintiff,[7] the court determines that the findings and conclusions of the magistrate are correct and **accepts** them as those of the court.  The court, therefore, **overrules** Plaintiff's objections (Doc. 186-2); **grants** Defendants' Motion for Summary Judgment (Doc. 97); and **dismisses with prejudice** all claims asserted by Plaintiff against Defendants in this action.[8]  As no claims remain, the court will issue a judgment by separate document in accordance with Federal Rule of Civil Procedure 58.

**It is so ordered** this 29th day of August, 2024.

Sam A. Lindsay
United States District Judge

---

[7] As a result of the court's various rulings in this order and a related order addressing Plaintiff's objections to the magistrate judge's evidentiary rulings, the undersigned did not consider the following in ruling on Defendants' Summary Judgment Motion or Plaintiff's Objections to the Report: (1) Plaintiff's separate summary judgment response (Docs. 114, 117) to Defendants' statement of facts; (2) Plaintiff's "Reply in Support of its Objections" to the Report (Doc. 192-1); (3) the new damages evidence relied on by Plaintiff in objecting to the Report; and (4) summary judgment evidence excluded by the magistrate judge in Document No. 181 as inadmissible hearsay or as a consequence of Plaintiff failing to comply with its discovery obligations.

[8] As noted, Plaintiff's claims against Defendants, which are being dismissed with prejudice as a result of the court's granting Defendants' Summary Judgment Motion, include those for: breach of fiduciary duty and breach of duty of loyalty and participation in the breaches of such duties; tortious interference with a contract; conspiracy to tortiously interfere with a contract; tortious interference with employment obligations; conspiracy to tortiously interfere with employee relations; misappropriation of trade secrets and unfair competition; conspiracy to misappropriate trade secrets; conversion; and alleged violations of the CFAA.